ELIZA J. PAINE, Adm'rx, &c., *v:* ELIZA PENDLETON et al.

1. EXECUTOR AND ADMINISTRATOR: RIGHT OF "PERSONS INTERESTED" TO CONTEST APPLICATION TO. SELL LANDS TO PAY DEBTS.—All persons interested in the lands of a decedent, and who *prima facie* have title thereto, have a right to appear and contest the application of the administrator to sell the lands, on account of an alleged deficiency of personal assets.
2. SAME: WASTE OF PERSONAL ASSETS BY ADMINISTRATOR NOT SUFFICIENT GROUND TO SELL LAND TO PAY DEBTS.—It is not a sufficient ground to order a sale of real estate to pay debts, that the personal assets have been wasted by a former administrator, who together with his sureties, are insolvent, unless it also be shown that all legal remedies against them, for the collection of the debts have been exhausted.
3. PROBATE COURT: PRACTICE AND PLEADING.—It is not necessary for persons contesting the application of an administrator to sell land to pay debts, to put in a formal answer under oath to the petition; it is sufficient if the objections be stated in such certain form, as to enable the court to judge of their validity and correctness.

APPEAL from the Probate Court of Adams county. Hon. Reuben Bullock, judge.

The appellant, as administratrix *de bonis non* of Adam Bower, deceased, filed her petition in the court below against the heirs of her intestate, praying for an order of sale of certain real estate, which it was alleged belonged to the decedent in his lifetime, and had upon his death descended to the heirs. She alleged a deficiency of personal assets to pay the debts.

Some of the heirs having failed to answer, a *pro confesso* was taken as to them. Three other persons appeared and answered the petition. One of them claimed a part of the real estate, as a purchase from said Bower in his lifetime, and the other claimed under a sale made by the heirs of Bower since his death. All of them denied that there was a deficiency of assets, and alleged, that a large amount, exceeding the debts, had come into the possession of the administrator in chief, of which he had made no legal disposition. They also relied upon the Statute of Limitations. Their answers were not sworn to.

It appeared that Adam Bower died, in 1833, and that Phipps, his administrator in chief, had returned in his inventory personal assets to the amount of $48,000. It did not appear what disposition he had made of these assets, and he died without ever having rendered any final account. Afterwards one Reed was appointed administrator *de bonis non*, and he removed from the State without having made a final settlement.

It also appeared that a *nulla bona* had been returned on an execution rendered against the administrator, and an *ex parte* affidavit was read, showing that Phipps and his sureties were insolvent. The petitioner excepted to the answers of those who were not heirs, upon the ground that they had no right to contest her application.

The court overruled the exception, and on final hearing dismissed the petition, and the petitioner appealed.

*Freeman* and *Dixon*, for appellant.

*J. Winchester*, for appellees,

Paine *v.* Pendleton et al.

Cited 6 Johns. Ch. R. 376; *Turner* v. *Ellis*, 24 Miss. R. 179.

HANDY, J., delivered the opinion of the court.

This was a petition filed by the plaintiff in error in the Probate Court of Adams county, suggesting the insufficiency of the personal estate of the intestate to pay the debts of the estate, and praying a sale of. the real estate for that purpose.    Notice and publication were accordingly ordered and made, warning the heirs, and all other persons interested in the lands to appear, and show cause why the sale should not be made.    The petition was taken *pro confesso* as to the heirs, but other parties appeared and showed cause, by way of answer, against the sale, denying that the personal estate was insufficient to pay the debts, relying on the Statute of Limitations, and some of them claiming title as purchasers of the lands.    A demurrer was filed by the administratrix, to these answers, upon various grounds.    This demurrer was overruled, and upon the hearing the petition was dismissed.

It is first objected, that the respondents were not proper parties, and should not have been admitted to contest the application to sell the lands, and that the effect of their answer was to submit a question of title to the Probate Court.

This objection is not tenable.    The object of the proceeding was to sell the lands for the payment of debts of the intestate. Not only the heirs but all other persons interested in the lands, were required to be notified of the application and warned to appear, and show cause against it.    No form of making their objections is established, nor does there appear to be any necessity that they should be made by formal answer, as though the parties interested had been specially required to appear and answer on oath.    It is sufficient if the objections be stated in such certain form as to enable the court to inquire into their sufficiency or their correctness, and to determine upon the facts made to appear, whether the lands ought to be decreed to be sold.

When a party appears in order to object to the decree, it is proper and necessary that he should show how he is interested in the subject-matter to be acted on.    This was the course pursued in this case; and the answers cannot be regarded as submitting a

question of title for decision, but as showing the right under which the respondents were entitled to appear and contest the application, " as parties interested in the lands." Having shown a *prima facie* interest in the lands, it was proper that they should be admitted to show cause why the decree for a sale should not be made; and if the objections shown were sufficient, it was proper for the court to refuse the application for a sale.

Another ground of error insisted upon is, that notwithstanding the *pro confesso* taken as to the heirs, which must be treated as an admission of the facts stated in the petition and of the necessity for the sale, the court upon the hearing dismissed the petition.

To this objection, there are two very satisfactory answers, 1st. Notwithstanding the heirs admitted the necessity for the sale of the lands, yet they might really have had no substantial interest in the matter, by reason of the lands having been previously aliened so as to bar any interest in their behalf; and if the other parties who showed cause against the decree of sale had the right to be heard to do so, their interest could certainly not be allowed to be prejudiced by the fact that the heirs made no objection to the decree, or that they gave an express consent that the decree should be made. 2d. Although the allegations of the petition be taken as confessed, yet if it appeared to the court, upon an examination of the proceedings in relation to the administration, that the personal estate had not been exhausted or legally disposed of by the prior administrator, it was proper for the court to refuse the decree of sale. Upon the suggestion of parties showing a *prima facie* interest in the lands, it was the duty of the court to examine the proceedings as they appeared of record touching the administration. They constituted a necessary part of the case to be considered by the court, in determining whether the sale of the lands should be decreed.

It appears by the record, that on the hearing of the petition, there were assets largely exceeding the amount of the claim against the estate on which the petition was founded, which had never been administered or accounted for by the prior administrator. If those assets were wasted by the prior administrator, that would be no ground for selling the lands of the decedent for

the payment of his debts, unless the creditor had exhausted all remedy in due legal form against the administrator and his sureties. The remedy of the creditors would be against that administrator; and if he and the sureties on his bond were insolvent, as was attempted to be shown here, that would not of itself justify a sale of the lands. For the personal assets were sufficient to pay the debts; and if the Probate Court failed to require sufficient sureties to the administrator's bond, and in consequence thereof the assets of the estate, which were sufficient to pay its debts, were collected and wasted by that administrator, there could be no reason or justice in charging the debts of the estate upon lands, to which the heirs were entitled, or in which other persons as purchasers had become interested, all legal remedies against the administrator and his sureties, not being shown to have been exhausted.

The decree dismissing the petition is affirmed.