Mr. Justice GRIER
 

 delivered the opinion of the court. •
 

 The land in dispute, in this case, was. sold, by. order of a-, court some forty years ago, to pay the debts of its deceased owner. The heirs seem to have acquiesced in the regularity and justice of this proceeding till the plaintiff in error, a few years ago; obtained from them a release of their, title, doubtless for the purpose of- this litigation.
 

 By the law of Illinois, the lands of one deceased are liable-for the payment-of his-debts. The Circuit Court of the county in which-the administration is granted has jurisdie
 
 *216
 
 tion to order their sale for that purpose. The petition of the administrator, setting forth, .that the personal property of the deceased is insufficient to pay such, debts, and praying the court for an order of sale, brought the case'fully within the jurisdiction of the court. It became a case of judicial cognizance, and the proceedings are judicial. The court has-power over the subject-matter and the parties. It is true, in ■such proceedings, there are no adversary parties, because the .proceeding is in the nature'of a proceeding
 
 inrem,
 
 in which the estate.is represented by the administrators, and, as in a proceeding
 
 in rent
 
 in admiralty, all the world are parties. In making- the order of sale, the court are presumed to have adjudged every question necessary to justify such order-or decree, viz., the death of the owner; that the petitioners were his administrators; that the personal-estate was insufficient to pay the debts of the deceased; that the private act of Assembly,' as to the manner of sale, was within the constitutional power of the legislature; and that all the provisions of the law, as to notices which are directory to the administrátors, have, been complied with. “ The court having a right to decide every question which occurs in a cause, whether its decision be'correct or otherwise,, its judgment, until reversed, is binding on every other court.” The purchaser, under such a sale, is not 'bound to look further back than the Order of the court, or to inquire as to its mistakes. The court is not bound to enter on record the évi-den.ce on which any fact was decided. The proceedings on which the''action of fhe court is grounded, are usually kept on separate papers, which are ofteil mislaid- or lost. A ' different' doctrine would (especially after a lapse of over thirty years) render titles under a judicial sale worthless, and a “ mere trap for the unwary.” These propositions will be found discussed at length and fully decided by us in
 
 Grignon’s
 
 Lessee v.
 
 Astor.
 

 *
 

 Any further argument in vindication of them would be superfluous.
 

 The question raised as to-the constitutional power of the
 
 *217
 
 legislature of Illinois to pass tbe private acts modifying the general course of proceedings in similar cases, was necessarily decided by the Circuit Court of the State, under whose order.and supervision this sale was made. The State court is the proper tribunal to constrúe and determine the validity of the enactments of their own legislature.
 

 .But assuming the question to be open for our decision, we see no reason to doubt the authority of the legislature to pass such acts as are now complained of, without infringing the Constitution of the State Or of'the United' States. Such legislation is remedial, not judicial. It infringes no contract; it is not
 
 ex post facto,
 
 nor even retrospective; it is not the usurpation of judicial powers; it authorizes the administrators to sell at private sale, and not at public auction, as by the general law, but not till ordered by the proper court. Every question of a judicial nature was left to the judgment of the court.
 
 It
 
 must order the sale, and approve it when'made. There may have been many, reasons-why it would be for the benefit of the estate and. the creditors that the land should he sold at private and not at public, sale. The legislature, by this private act, direct only the manner of sale; the courts are to judge of its necessity. Statutes are to be found ifi almost every State in the Union giving authority to guardians to sell the real estate of their wards, and usually requiring the" supervision and approbation of a court. The power of the legislature to grant such special authority to guardians has been generally admitted. . In a ease in Illinois,
 
 *
 
 it is said by their Supreme Court that, “ to deny this power to the legislature in this view of its action, would almost annihilate its powers.” Yet there was an assumption of power, in that case far exceeding anything to be found in'the present.
 

 Let the judgment of the Circuit Court be
 

 AFFIRMED.
 

 *
 

 2 Howard, 319.
 

 *
 

 Mason
 
 v.
 
 Wait, 4 Scammon, 134.