# April Term, 1904.

[Nos. 4548 and 4786.]

THE NEW YORK LIFE INSURANCE COMPANY ET AL.
v. BROWN, EXECUTOR, ET AL.

<table>
<tr><td>32</td><td>365</td></tr>
<tr><td>f38</td><td>202</td></tr>
</table>

1. Appellate Practice—Parties—Reviewable Interest.

Where a judgment purports to determine that parties to the action in which it is rendered have no rights in the subject-matter of controversy in which they claim an interest, they are aggrieved thereby, and are entitled to have the judgment reviewed, when reviewable, for the purpose of ascertaining whether or not it is correct.

2. Appellate Practice—Jurisdiction of Supreme Court—Estates of Decedents—Order to Sell Lands.

A decree of the county court for the sale of land of a decedent to pay debts, may be reviewed by the supreme court on writ of error.

3. Estates of Decedents—Sale of Land—Jurisdiction of County Court.

The county court has jurisdiction in a proceeding to sell real estate to pay debts of a decedent without limitation as to value, and also has jurisdiction of all incidental questions in such proceeding involving the rights of those before the court interested in the real estate sought to be sold, whose rights therein will be injuriously affected by a decree of sale, except that such persons shall not put in issue the decedent's title or interest in the land.

4. Same—Marshaling Assets.

A wife bequeathed to her husband certain real estate for life, with power to incumber the fee and with authority to appoint who should take the remainder, and bequeathed to him other real estate in fee. No property was set aside to pay debts of the estate. In a proceeding to sell land to pay debts of the estate, parties who claimed interests in specific parts of the realty through transactions with the devisee in his individual capacity subsequent to the probate of the will, and judgment creditors of the devisee whose judgments were based on transactions with him during the same time, were proper parties defendant; and

(365)

the county court had jurisdiction to consider and adjudicate their defense, which was intended to invoke the equitable doctrine of marshaling assets, and to require that the property be sold in such order as would protect their interests.

5.  Same.

A wife bequeathed to her husband certain real estate for life with power to incumber the same and with authority to appoint who should take the remainder, and bequeathed to him other real estate in fee. After the death of the wife the husband incumbered the property bequeathed to him for life, in addition to incumbrance placed thereon by the testatrix, and also incumbered some of the real estate devised to him in fee, and judgments against him became a lien on his interest in both classes of the real estate. He relinquished to the heirs of the estate his right to appoint who should take the remainder at his death. In a proceeding by the executor to sell real estate to pay the debts of the estate, held, that all the real estate of which testatrix died seized was subject to the debts of the estate, but that the heirs could not require property devised in fee to the husband to be sold to the detriment of his individual creditors in order to free their own property. That in selling the real estate the assets of the estate should be so marshaled as to protect the individual creditors of the husband so far as it could be done without prejudice to the rights of the estate creditors.

6.  Estates of Decedents—Conveyance by Devisee.

A devisee may dispose of his interest in the estate subject to the debts of the estate without waiting until such indebtedness is paid. And if he does make such disposition he cannot subsequently require that the interest disposed of shall be subjected to the lien of estate indebtedness, so as to protect his interest in any of the property which he still retains.

*Appeal from and Error to the County Court of Arapahoe County.*

The questions presented for review grow out of a proceeding instituted by the executor to sell real estate to pay debts against the estate of a testatrix. The decree of the county court was adverse to the contention of parties made defendants who were neither heirs, devisees, nor creditors of the estate, but claimed to be interested in the real estate described in the

petition of the executor, and they brought the case here on appeal. The executor and heirs and devisees of the testatrix move to dismiss the appeal, and also claim that the cause cannot be considered on error for want of jurisdiction. The appeal was dismissed and the cause redocketed on error. For the purpose of avoiding repetition and because determining the question of jurisdiction raised, in a measure determines the cause upon its merits, all questions are disposed of in one opinion. The record is voluminous, but for the purpose of presenting the propositions considered the following summary is sufficient:

By will, duly admitted to probate, Mrs. Jane C. Brown made the following disposition of the real estate of which she died seized, which, for convenience, is divided into two classes: (1) To her husband, Henry C. Brown, the Brown Palace hotel for and during his natural life, with full power to incumber the fee in such manner and for such purposes as he might see fit, with authority to appoint who should take the remainder. The will provided that whoever took this property after the termination of the estate devised should take it subject to all incumbrances placed thereon by the devisee. In case of the death of the devisee without directing who should take the remainder, the title to such property was to vest in the children of the testatrix and devisee, and upon their death, in their children. (2) The remainder of her realty was bequeathed to Henry C. Brown, his heirs and assigns in fee. No property was set apart for the payment of debts. By the will Henry C. Brown was named executor, and upon the admission of the will to probate, he qualified and entered upon the discharge of his duties. At this time the hotel was incumbered by mortgages or deeds of trust to the Northwestern Mutual Life Insurance Company, which had been placed thereon by the tes-

tatrix to secure her indebtedness to that company. These incumbrances also included certain tracts embraced in Class 2. There was also other estate indebtedness, part of which was unsecured and part secured on tracts of Class 2. Shortly after the probate of the will, Henry C. Brown increased the loan from the insurance company, which he secured on the property already incumbered to that company, and thereafter negotiated a loan from the United States Mortgage & Trust Company, which he secured by deed of trust on the hotel and tracts of Class 2. The money thus borrowed was applied to the discharge of the indebtedness to the insurance company, and part of the remainder on other indebtedness of the estate. Shortly thereafter the other estate creditors were given and accepted a deed of trust to secure their indebtedness on the same property incumbered to the trust company, and also a parcel of Class 2. These creditors were also secured by deed to a tract of Class 2, executed before the death of Mrs. Brown. Mr. Brown also obtained a loan from persons named in the record as the Clark heirs, which he secured on parcels of Class 2. This money, it is claimed, was used for the benefit of the estate. The transactions with the trust company and Clark heirs were subsequently approved by the heirs and devisee of the testatrix. Subsequent to the date when the deeds of trust above mentioned had been executed and placed of record, Mr. Brown entered into an agreement with his children, named in the will, whereby he relinquished to them his right to designate who should take the remainder in the hotel property after his death, or to incumber except for its protection. Thereafter the executor filed his petition for leave to sell real property to pay debts of the estate. This petition contains the statements required by section 4751, 2 Mills' Ann. Stats. The

indebtedness to the trust company secured on the hotel and other property, as well as the indebtedness to the Clark heirs, was scheduled as liabilities against the estate. The petition alleged that certain persons and corporations, who are the plaintiffs in error, claimed an interest in specific realty of the estate on account of dealings had with Henry C. Brown in his individual capacity subsequent to the probate of the will, or were judgment creditors of Mr. Brown, whose judgments are based upon personal transactions with him during the same period; that these parties were made defendants not because petitioner recognized they had any rights which entitled them to be heard, but nevertheless asked that they be summoned to answer. To this petition the heirs of deceased were also made parties defendant.

The plaintiffs in error answered, denying certain allegations of the petition; denied that the indebtedness to the trust company and Clark heirs was estate indebtedness, and by way of further defense, severally pleaded laches, estoppel by conduct, and waiver on the part of the executor and creditors to maintain the proceeding. In addition, they severally pleaded that they were owners of specific parcels of the real estate embraced in Class 2 through transactions with Henry C. Brown in his individual capacity after the probate of the will which were not included in either of the mortgages or deeds of trust above mentioned, or had obtained judgments against him based upon personal transactions with him which were liens upon his interest in the property covered by such mortgages or deeds of trust, and by other averments made it appear that the source of their rights to the realty which they claimed to own or upon which they claimed liens was the will, and that the value of the property specifically pledged was sufficient to discharge all indebtedness thereby secured, as well as

satisfy the liens of those who were the judgment creditors of Henry C. Brown.

To the several defenses interposed by plaintiffs in error, exceptions were filed by petitioner, the purpose of which was to raise the question of their sufficiency. In support of such exceptions the reasons assigned were substantially: (1) that such defenses did not present issues within the frame of the petition, or within the requirements of the statutes under which the proceeding was instituted, and were not within the jurisdiction of the court to determine in that proceeding; (2) that the right to object to the sale and disposition of the real estate of decedent could not be exercised by those who were neither heirs, devisees nor creditors of the estate. These exceptions were sustained except as to certain denials of the averments of the petition. Upon the trial the court concluded that all indebtedness scheduled constituted liabilities against the estate, including that of the trust company and Clark heirs; that the property devised by the will embraced in Class 2 should first be resorted to for the payment of the estate indebtedness before resort could be had to the hotel; that whatever interest plaintiffs in error had in the property described in the petition was subject to the payment of estate indebtedness, and was inferior to the rights of the creditors, heirs and devisees, and directed that the petitioner in his capacity as executor sell so much of the property of Class 2 as might be necessary to pay the estate indebtedness as found and fixed by the court. The question of the disposition of the hotel property, after exhausting the property included in Class 2, in order to raise funds to pay estate indebtedness, then remaining unpaid, was reserved for future consideration. The enforcement of the decree will absorb all the property of Class 2.

Mr. M. J. Galligan, Messrs. Wolcott, Vaile & Waterman, Mr. Wm. W. Field, Mr. H. H. Dunham, Mr. T. J. O'Donnell, Messrs. O'Brien & O'Brien, Messrs. Benedict & Phelps, Mr. C. J. Hughes, Jr., Messrs. Bicksler, McLean & Bennett, Mr. Ralph Stevens, Mr. Thos. H. Hardcastle, Messrs. Rogers, Cuthbert & Ellis, Mr. Pierpont Fuller, and Mr. Wm. B. Harrison, for plaintiffs in error.

Mr. Jas. H. Brown, Mr. A. W. Gillette, Messrs. Bartels & Blood and Mr. I. N. Stevens, for defendants in error.

Chief Justice Gabbert delivered the opinion of the court.

The executor, heirs and devisees of the testatrix move to dismiss the appeal, and also contend that the case cannot be considered on error for reasons based substantially upon the following grounds: (1) That the plaintiffs in error are not aggrieved by the decree from which they appeal; (2) that no question is involved, nor is the subject-matter of controversy or the judgment rendered such as to give this court jurisdiction on appeal; (3) that the questions which the plaintiffs in error sought to have adjudicated by their several answers and defenses were not within the jurisdiction of the county court to determine in a proceeding by the executor for leave to sell real estate to pay debts, and that the value of their several alleged property rights severally exceeded the constitutional limit of the court to adjudicate.

The first proposition is clearly untenable. Plaintiffs in error were made parties to the proceeding because, it was alleged, they claimed an interest in the property which the executor sought to have sold for the payment of estate indebtedness. The object in making them parties was to cut off their alleged

interest in such property by virtue of a sale and disposition thereof by the executor for the purpose of raising funds to pay debts against the estate. They sought to interpose a defense which they claimed was sufficient to entitle them to a decree directing that the property in which they claim to be interested should not be subjected to the payment of estate indebtedness, except for the balance remaining unsatisfied after all other property subject to such indebtedness had been exhausted. This relief was denied, and a decree rendered the effect of which is to deny them all rights in the property in which they claim to be interested, and when enforced will divest them of all title thereto. When a judgment purports to determine that parties to the action in which it is rendered have no rights in the subject-matter of controversy in which they claim an interest, they are aggrieved thereby, in the sense that such an adjudication entitled them to have the judgment rendered reviewed, when reviewable, for the purpose of ascertaining whether or not it is correct.

We shall not attempt to determine whether any question is involved, or the subject-matter of controversy such, or a judgment rendered adverse to plaintiffs in error in an amount which would vest this court with jurisdiction to entertain the appeal by virtue of the law regulating appeals to this court— sec. 406a, Mills' Ann. Code. The Civil Code, sec. 388a, provides that if the supreme court does not have jurisdiction to entertain an appeal, but would have, had the action come up on writ of error, the appeal shall be dismissed and the cause redocketed on error. The judgment appealed from is final. The constitution, by sec. 23, art. VI, expressly provides that writs of error shall lie from the supreme court to every final judgment of the county court. This provision is supplemented by the statute—sec. 1091,

1 Mills' Ann. Stats. By virtue of those provisions a decree of the county court for the sale of land of a decedent to pay debts, may be reviewed on error— *Sloan v. Strickler,* 12 Colo. 179—and we therefore dismiss the appeal and consider the case on error, because, under that procedure, the case is reviewable here on such questions as the record presents.

In a certain sense the jurisdiction of the county court to entertain the defenses interposed by plaintiffs in error and adjudicate the questions thereby raised, may be involved, but a decision of the case as argued by counsel for the respective parties depends principally upon the determination of these two propositions: (1) The general scope and authority of the county court in proceedings by an executor to sell real estate to pay debts; and (2), did the defense upon which plaintiffs in error severally predicate their right to a decree directing a sale of the several tracts of realty described in the petition in such order as would protect their equities, state facts sufficient to entitle them to this relief? We limit the discussion of the defenses interposed by plaintiffs in error to this one, because we do not deem it necessary to pass upon the others at this time. In discussing these two propositions we shall not attempt to determine the many questions argued by counsel, because, by determining the two main questions involved, it will appear they either have no application or are disposed of in the two propositions determined.

In the settlement of estates of deceased persons the county court is vested with original and unlimited jurisdiction—sec. 23, art. VI, constitution; *Lusk v. Kershow,* 17 Colo. 481; *Wyman v. Felker,* 18 Colo., 382. One of the functions which the county court is authorized to exercise in the settlement of estates is authority to entertain a proceeding by an executor

to sell real estate to pay debts.  The statutes on the subject provide who shall be made parties to such proceeding; that any person interested in the estate as creditor or otherwise and not made defendant, may appear and answer the petition and show cause against the prayer thereof at any time before final judgment; that such proceedings shall conform as nearly as practicable to the proceedings of courts of chancery in like cases, and that upon the hearing of the issues formed the court shall specify the order in which the real estate shall be sold, with due regard to the rights of all—secs. 4751, 4758, 4760, 4761, 2 Mills' Ann. Stats.

The only specific limitation on any defendant is, that he shall not be permitted to put in issue the decedent's title or interests in the lands described in the petition—sec. 4758, *supra*.  Authority conferred upon a court for a particular purpose carries with it, by implication, such incidental powers as are requisite to the complete execution of the power expressly granted.—*Hyland v. Baxter*, 98 N. Y., 610. Logically, then, it must follow that in proceedings to sell real estate to pay debts of a deceased, the constitutional limitation of value does not apply, and the authority of the county court, in order to enable it to fully discharge the functions conferred by law, must extend to the adjudication of all questions in such proceedings except the one limited, involving the rights of those before the court interested in the real estate sought to be sold, whose rights therein will be injuriously affected by a decree of sale.—1 Woerner's Law of Administration, §§ 142, 150, 154; *Lowry's Appeal*, 114 Pa. St. 219; *Appeal of Miskimins*, 114 Pa. St. 530; 2 Woerner's Law of Administration, § 487; *Callahan v. Griswold*, 9 Mo. 775; *Payne v. Pendleton*, 32 Miss. 320; *Pearce v. Calhoun*, 59 Mo. 271; *Titterington v. Hooker*, 58 Mo. 593.

Plaintiffs in error were not attempting to make an issue on the title of the testatrix. On the contrary, they claimed title from that source. Neither were they attempting to have their rights as against the heirs and devisees determined, except in so far as such determination incidentally involved their rights to a decree which would direct the order in which the real estate should be sold. In short, their defense under consideration was intended to invoke the equitable doctrine of marshaling assets. The rules of equity are as valid and binding upon the county court in exercising the functions conferred by law in the administration of estates as upon any other tribunal, and when it becomes necessary to protect the rights of parties interested in property which is to be sold for the payment of estate indebtedness, the equities between the parties to the proceeding instituted for that purpose must be recognized and enforced by the court having authority to entertain it, and render judgment therein—sec. 495, 2 Woerner. We therefore conclude that plaintiffs in error were proper parties to the proceeding, and by their defense under consideration presented questions within the scope of the authority of the county court to adjudicate.

Generally speaking, the marshaling of assets consists of arranging the order that distinct pieces of property, in which several are interested, shall be resorted to for a specific purpose, so that the equities of each will be protected as far as possible, without substantial prejudice to the rights of either. The doctrine is fully recognized and enforced in courts charged with the administration of estates, and is based upon the broad principle that no one will be permitted to arbitrarily exercise a right to the injury of another. It is an equitable remedy peculiarly

applicable in proceedings to sell real estate in which several are interested, to pay debts against the estate of a deceased person, for, by its application, the burden of surrendering the realty which may be subjected to the payment of such indebtedness is equitably distributed among the several persons interested therein, and placed where, in justice, it belongs.— 1 Story's Jurisprudence, §§ 558-561; 19 Enc. Law (2 ed.) 1256-7, 1292-3; *Howell v. Duke,* 40 Ark. 102; *Eddy v. Traver,* 6 Paige, 521.

The sufficiency of the defense of the several plaintiffs in error upon which they predicate their right to a decree marshaling the several tracts of realty described in the petition depends on the construction of the will, in so far as it fixes the status of the parties to the proceeding instituted by the executor, in connection with the ultimate facts stated in the defense under consideration. When the will was admitted to probate, title to the property of Class 2 vested in Henry C. Brown, subject only to the payment of estate indebtedness—sec. 4670, 2 Mills' Ann. Stats.; *Childs v. Insurance Co.,* 25 Colo. 360. He could convey that title subject to the rights of the estate creditors. He was devised a life estate in the hotel with full power to incumber the fee. This devise, by operation of law, was also subject to estate indebtedness. According to the will, the interest of the other heirs and devisees in the hotel was entirely contingent, for it depended upon the action or nonaction of Henry C. Brown in designating who should take the remainder. Whatever interest is now vested in them in this property under the will by virtue of the deed of waiver executed by Henry C. Brown is subject to unpaid estate indebtedness, and by the express terms of the will is subject to the incumbrances placed thereon by Henry C. Brown. They

never had any interest whatever in the property of Class 2.

Certain of plaintiffs in error have become the owners of the interest of Henry C. Brown in specific parcels of Class 2. Others are his judgment creditors, and have acquired a lien on his interest in the remainder of the property described in the petition as it existed on the date when they filed transcripts of their judgments for record. He has incumbered the property devised other than that owned by plaintiffs in error by mortgages and deeds of trust. He still owns the property of Class 2 so incumbered, subject, however, to the payment of the indebtedness secured by such mortgages and deeds of trust. Whether the deed of waiver has terminated his interest in the hotel so that it cannot be reached by the plaintiffs in error, who are his judgment creditors, is immaterial. That property, so far as the other heirs and devisees are concerned, is expressly subject to the payment of the incumbrances placed thereon by him before the execution of the deed of waiver to them, and if he still has an interest in that property, the judgment liens of plaintiffs in error have attached.

From this resume we conclude that all the real estate of which Mrs. Brown died seized is subject to the payment of estate indebtedness. The individual property of Henry C. Brown is liable for the payment of his individual debts. The rights of all the devisees and heirs in the property described in the petition only attach to that undisposed of. Henry C. Brown will not be permitted to take property which he has disposed of to pay his debts. The other heirs and devisees cannot resort to property in which they never had an interest, for the purpose of paying off debts against an estate in which they claim to be interested. They are bound by the incumbrances placed on the hotel, and must discharge them out of

their own property. Consequently, they cannot have any of these incumbrances paid out of property of Class 2, belonging to Henry C. Brown, to the detriment of either of plaintiffs in error. The judgment creditors of Henry C. Brown are entitled to subject whatever interest he has remaining in the property incumbered after these incumbrances are discharged. Consequently, it is immaterial, so far as the rights of all the heirs and devisees are concerned, whether that remainder is in the hotel or in property of Class 2, because Henry C. Brown takes nothing in the property in which he is interested until his obligations are discharged; and the other heirs and devisees in discharging the indebtedness on the hotel, which is the only property in which they have an interest, cannot take property of Henry C. Brown for that purpose, to the exclusion of his creditors. Neither can the heirs and devisees require that the indebtedness to the Clark heirs be made a lien on property of which plaintiffs in error are the owners, or on which they have a lien, to their prejudice. The rights of the creditors cannot be impaired, but they will not be permitted to resort to property for the satisfaction of their indebtedness to the detriment of the rights of plaintiffs in error except to the extent necessary to satisfy their claims after exhausting the property upon which they have specific liens.

In brief, the entire case on the two propositions considered is simply this: The court had jurisdiction to entertain the defense interposed by plaintiffs in error. All property of which Mrs. Brown died seized is subject to the payment of estate indebtedness. The heirs and devisees cannot require property of plaintiffs in error to be subjected to the payment of such indebtedness in order to free their own property therefrom, or to the detriment of the individual creditors of Henry C. Brown. The rights of

the estate creditors cannot be impaired, but in satisfying their indebtedness out of the real estate described in the petition, the equities between the other parties to the proceeding must be protected as far as possible without prejudice to the rights of such creditors. In other words, on the merits as presented by the defense of plaintiffs in error relative to the marshaling of the real estate, their equities are superior to those of the heirs and devisees, and must be protected to the extent this result can be accomplished without prejudice to the rights of the estate creditors. If, then, they severally establish the facts stated in this defense, those who are owners of specific parcels would be entitled to a decree exempting their property from sale, except for the balance of indebtedness unsatisfied after exhausting all other property described in the petition; and those who are judgment creditors, to a decree directing that the hotel property be first subjected to the payment of the indebtedness secured thereon before the other property pledged for that indebtedness be resorted to for the payment thereof. We do not specifically mention what decree the Clark heirs would be entitled to, because it appears that the property upon which they are secured is sufficient to satisfy their claim. If this is not the fact, then protecting the rights of the judgment creditors in the manner indicated fully protects them. The court erred in sustaining the exceptions to the defense under consideration.

Counsel for the executor appears to rely upon the proposition that no conveyance by a devisee is of any validity until after all debts against the estate are paid, and an order for distribution made. In support of this contention he cites section 4798, 2 Mills' Ann. Stats. It is true that the executor of an estate can make no distribution until after the estate indebtedness is paid, but that does not prevent a

devisee from disposing of his interest subject to the payment of estate indebtedness, and if he does make such disposition he is bound thereby, and cannot subsequently require that the interest which he has disposed of shall thereafter be subjected to the lien of estate indebtedness, so as to protect his interest in any of the property which he still retains.

So far we have proceeded upon the theory that all indebtedness scheduled in the petition constitutes liabilities against the estate, but we must not be understood as so deciding. The value of the property covered by the several mortgages and deeds of trust is sufficient to satisfy the indebtedness thereby secured as well as the judgment creditors of Henry C. Brown. For this reason it is not necessary to determine the questions raised on the defenses of waiver, laches and estoppel, or whether the indebtedness to the Clark heirs and trust company can legally be charged against the estate. The title of the heirs and devisees in the property incumbered by the several mortgages and deeds of trust is subject to such incumbrances; but on account of the value of the property so incumbered it will not be necessary to resort to that owned by plaintiffs in error to satisfy the indebtedness secured by such incumbrances. If the property so incumbered is disposed of in the order indicated in this opinion, there will be ample left, after such indebtedness is discharged, to satisfy the individual judgment creditors of Henry C. Brown and the claim of the Clark heirs. The creditors cannot complain of being confined to the property pledged for their security so long as their indebtedness is paid in full; so that an adjudication of these questions is not material to the rights of any of the parties to the proceeding on the record now before us.

- The judgment of the county court is reversed

and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*

Steele, J., not participating.

### On Petition for Rehearing.

*Per Curiam.*—It is argued that the plea for marshaling assets was insufficient, because that remedy cannot be invoked except where there is a common fund and a common debtor. Where assets are to be marshaled for the payment of indebtedness only, the rule contended for may be correct. In the case at bar, however, the rights of the parties do not depend alone on the conditions under which assets are marshaled to satisfy indebtedness. The underlying principle upon which the doctrine of marshaling assets is based is the protection of equities. That principle has been recognized and applied, so that the burden of yielding property to pay estate indebtedness will fall upon those who, according to their several rights, should discharge that burden. It seems to be assumed that the decision is contrary to *Erle v. Lane,* 22 Colo. 273. We cannot see how that case has any application whatever to the one at bar. It only determined that the dividend on the claim of an estate creditor should be computed upon the balance remaining unsatisfied after application of the proceeds of a sale of property held as security for such claim, and not upon the entire claim as probated. That question is not involved in the present case. Nor does *Ross v. Duggan,* 5 Colo. 85, have any application, because, as between the parties to the present proceeding, no question of rights in so far as the order of disposition of the several pieces of property is concerned, is in any manner dependent upon notice to, or intention of, either of the parties. Aside from

these considerations, it is proper to add that the application for rehearing is only made by the "estate creditors." They certainly are in no position to complain of the judgment of this court, because their rights are fully recognized and protected. The only parties to the proceeding whose rights are directly affected are the heirs and devisees.

It is said that the benefit of the reversal should be limited to plaintiffs in error. We think such is the effect of the order of reversal, because they are the only ones before the court complaining of the judgment. In order, however, that there may be no question on this score, we now direct that the judgment of the county court is reversed as to the plaintiffs in error. *Petition for rehearing denied.*

STEELE, J., not sitting.