KRETSINGER v. BROWN et al.

(Circuit Court of Appeals, Eighth Circuit. December 17, 1908.)

No. 2,526.

EXECUTORS AND ADMINISTRATORS (§ 375*)—SALE OF REALTY—DECREE—COLLATERAL ATTACK.

In a proceeding under the Colorado statute (Mills' Ann. St. § 4750 et seq.) to sell real property to pay debts allowed against the estate of a decedent, the jurisdiction of the county court attaches when there are before it the necessary parties under the statute and a petition substantially conforming to the statute, and where its jurisdiction has so attached its decrees directing and afterward confirming a sale are not subject to collateral attack because it treated unpaid taxes upon the realty, levied after the decedent's death, as debts within the meaning of the statute, or because the decrees were rendered without awaiting the next succeeding terms as provided by the statute, or because notice of the sale was not directed or given as required by the statute; each of these matters being at most a mere error or irregularity in the exercise of a lawful jurisdiction, and subject to correction only upon a direct proceeding for that purpose, such as an appeal or writ of error.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 1535; Dec. Dig. § 375.*]

(Syllabus by the Court.)

Appeal from the Circuit Court of the United States for the District of Colorado.

---

*For oth[er] ases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Lucius M. Cuthbert (Henry T. Rogers, Daniel B. Ellis, Lewis B. Johnson, Pierpont Fuller, and George A. H. Fraser, on the brief), for appellant.

John A. Martin (D. A. Highberger, on the brief), for appellee city of Pueblo.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. The facts necessary to an understanding of the controversy presented in this case are these: At her death Jane C. Brown, of Arapahoe county, Colo., was the owner in fee of a large amount of real property in that and other counties, all of which by her will was devised to her husband, Henry C. Brown, part in fee and part for the term of his life with a power to appoint those who should take the estate in remainder. The will also named him as executor. Included in the property devised in fee were all of block 24, and lots 15 to 24, both inclusive, in block 17, in H. C. Brown's First addition to the city of Pueblo, in Pueblo county. After the probate of the will, Brown, in his individual capacity and for individual purposes, mortgaged this specific property to the appellant, and thereafter, in his capacity as executor, sold and conveyed the lots in block 17 to the city of Pueblo, one of the appellees. The sale and conveyance were made under decrees of the county court in which the testatrix's estate was being administered, and the immediate purpose for which they were made was that of raising money to pay taxes upon the other real property, levied after the testatrix's death, so that it could ultimately be subjected to the payment of the just debts allowed against the estate. In a suit by the appellant to foreclose the mortgage, the validity of the decrees directing the sale and conveyance to the city was drawn in question; the appellant insisting, and the city denying, that they were void. The Circuit Court held with the city, and refused to include in the foreclosure decree the lots in block 17. It is the purpose of this appeal to obtain a modification of the decree, so as to include them.

The controversy is somewhat simplified by these concessions on the part of counsel: (1) When the will was admitted to probate, the title to the lots in question vested in Brown, subject to the right to resort to it, as provided by law, for the payment of the just debts allowed against the estate. (2) The mortgage to the appellant gave him a valid lien upon the title, but subject to the right so to resort to it for the payment of such debts. (3) The conveyance to the city divested Brown of the title and the appellant of the mortgage lien, unless the decrees of the county court were void. (4) The validity of those decrees is here drawn in question collaterally, and must be sustained, unless they are shown to have been absolutely void; no mere irregularity being of any avail.

Some of the objections to the decrees are so plainly untenable, or so clearly in opposition to controlling decisions of the Supreme Court of the state, that particular mention of them is not necessary. Those upon which greater reliance is placed are as follows: (1) A sale to

pay taxes levied after the testatrix's death was wholly unauthorized, even though its purpose was that of keeping other real property required for the payment of the just debts allowed against the estate available for that purpose. (2) The decrees directing the sale and conveyance were premature, and thereby shortened the appellant's opportunity to be heard in opposition to them. (3) Notice of the sale was not given as required by law.

Before taking up these objections separately, it is important to notice some matters which bear equally upon all of them. The executor's petition, upon which the subsequent proceedings were founded, did not stop with a statement of the unpaid taxes and the necessity for their immediate payment, but set forth substantially everything required to be shown in a petition for leave to sell real property to pay debts. The heirs at law were made parties defendant, and they, with the sole devisee, voluntarily appeared and consented to the sale. Nothing more was required to confer upon the county court jurisdiction to proceed in the premises. Nichols v. Lee, 16 Colo. 147, 26 Pac. 157. The appellant was not made a defendant, but that was not essential under the statute (Mills' Ann. St. §§ 4751, 4760; Nichols v. Lee, supra; New York Life Ins. Co. v. Brown, 32 Colo. 365, 374, 76 Pac. 799), or independently of the statute (Beauregard v. New Orleans, 18 How. 497, 503, 15 L. Ed. 469; Florentine v. Barton, 2 Wall. 210, 216, 17 L. Ed. 783).

In support of the first objection attention is directed to section 4750, Mills' Ann. St., which provides that, if the personal estate be insufficient, resort may be had to the real estate of a decedent "to discharge the just debts allowed against his or her estate"; and it is contended that the term "debts," as there used, includes only such obligations as may have been contracted or incurred by the decedent and cannot be held to embrace taxes levied after his death. Other parts of the same statute, however, make against the contention. Section 4761 provides that if, upon the hearing, it shall appear that the personal estate will be insufficient "to discharge the just debts and claims allowed against the estate, * * * and expenses of administration," the court shall determine, as nearly as may be, the amount of such deficiency, and may thereupon direct that resort be had to the real estate; and section 4780, which classifies demands against an estate, includes therein "all expenses of administration and settlement of the estate," and then provides "that wherever it may be necessary so to do, in order to preserve the estate, real or personal, for the benefit of the heirs, devisees and creditors, the executor or administrator may pay any taxes due thereon to the state, or any city, county or town, and shall be allowed such payment in his account." It is an admissible inference from these provisions that the term "debts" in section 4750 is intended to embrace expenses of administration (Personette v. Johnson, 40 N. J. Eq. 173, 178) and "any taxes" the payment of which by the estate is essential to the preservation of the realty for the benefit of creditors; and this inference is strengthened when it is reflected that the preservation of the realty can be of benefit to creditors only by keeping it available for the payment of their

demands, that it is sometimes impossible to keep it available for that purpose, save by selling part of it to pay taxes on the remainder, and that in this respect there is no difference between taxes levied before and those levied after the decedent's death.

Not unreasonably, therefore, it might be held that taxes, whether levied before or after the decedent's death, may be regarded as debts, within the meaning of section 4750, when their payment by the estate is essential to the preservation of the property for the benefit of creditors. But, be that as it may, the question of whether or not such taxes may be regarded as debts, within the meaning of the statute, was presented to the county court, and decided by it, when it directed the sale and conveyance in question. Being a court of general jurisdiction, and being particularly charged with the decision of all questions arising in the administration and settlement of decedents' estates and in proceedings by administrators or executors to sell real estate to pay debts (Bateman v. Reitler, 19 Colo. 547, 550, 36 Pac. 548; New York Life Ins. Co. v. Brown, 32 Colo. 365, 373, 76 Pac. 799), its decision, whether correct or otherwise, is conclusive upon all other courts in which it is collaterally drawn in question (Florentine v. Barton, 2 Wall. 210, 17 L. Ed. 783; McNitt v. Turner, 16 Wall. 352, 364, 21 L. Ed. 341; Manson v. Duncanson, 166 U. S. 533, 545, 17 Sup. Ct. 647, 41 L. Ed. 1105; Mellen v. Moline Iron Works, 131 U. S. 352, 367, 9 Sup. Ct. 781, 33 L. Ed. 178; Hatcher v. Hendrie & Bolthoff Mfg. Co., 133 Fed. 267, 68 C. C. A. 19, 24; Edelstein v. United States, 149 Fed. 636, 79 C. C. A. 328, 330, 9 L. R. A. [N. S.] 236).

As was said by this court in Foltz v. St. Louis, etc., Co., 60 Fed. 316, 8 C. C. A. 635, and repeated in Board of Com'rs of Lake County v. Platt, 79 Fed. 567, 25 C. C. A. 87:

"Jurisdiction of the subject-matter is the power to deal with the general abstract question, to hear the particular facts in any case relating to this question, and to determine whether or not they are sufficient to invoke the exercise of that power. It is not confined to cases in which the particular facts constitute a good cause of action, but it includes every issue within the scope of the general power vested in the court, by the law of its organization, to deal with the abstract question. Nor is this jurisdiction limited to making correct decisions. It empowers the court to determine every issue within the scope of its authority according to its own view of the law and the evidence, whether its decision is right or wrong, and every judgment or decision so rendered is final and conclusive upon the parties to it, unless reversed by writ of error or appeal, or impeached for fraud."

It may be that the decrees in question were premature; that is, were rendered without awaiting the succeeding terms of the county court. Mills' Ann. St. §§ 4752, 4753, 4757, 4768. But, if so, that was merely an error in the exercise of jurisdiction, and did not render the decrees void so as to open them to collateral attack. Murray v. Purdy, 66 Mo. 606; Sims v. Gray, 66 Mo. 613; Henry v. McKerlie, 78 Mo. 416, 429; Salter v. Hilgen, 40 Wis. 363; Snyder v. Markel, 8 Watts (Pa.) 416.

As respects the failure to give notice of the sale, the facts are these: In the executor's petition it was asserted, the subordinate facts being set forth with considerable detail, that it was necessary to resort to the realty for the payment of the just debts allowed against the es-

tate, that much or all of the realty was about to be lost because of the nonpayment of taxes levied thereon after the testatrix's death, that the estate was without means to prevent such a loss save by a sale of part of the realty to obtain money to pay taxes upon and thereby to preserve the remainder, and that to that end the interests of all persons interested in the estate required that the lots here in question, with others, be sold at private sale, without notice. The petition prayed that such a sale be authorized, and the heirs at law, with the sole devisee, filed an answer wherein they joined in the representations and prayer of the petition and expressly consented that the sale be without notice. A hearing was had and a decree was passed directing a private sale, without notice, according to the prayer of the petition. A month or so thereafter the executor reported that a sale had been made to the city in conformity to the court's direction, and thereupon a second decree was passed approving the report and directing a conveyance.

The provision relating to the giving of notice is found in section 4766, Mills' Ann. St., as amended April 10, 1891 (Laws Colo. 1891, p. 405, § 2), and is that every private sale shall be made upon such notice, "of not less than twenty days," as the court may direct, save where, upon good cause shown, "a less notice than twenty days" may be directed "by order duly entered" of record. Whether the county court regarded this provision as authorizing it to dispense entirely with the notice upon good cause shown, or as being merely directory, or as being only for the benefit of the heirs at law and devisee, who had waived compliance therewith, is not disclosed; but it is obvious that, in passing the decrees in question, it did necessarily decide that notice of the sale was not indispensable. In so deciding it may have misconstrued the statute, and for that reason its decrees may have been open to reversal upon a direct proceeding, such as an appeal or writ of error; but the error, if there was such, does not detract in any degree from the faith and credit to which they are entitled when collaterally drawn in question. They were passed in the exercise of a jurisdiction which attached when the petition was filed and the necessary parties defendant voluntarily appeared, and that jurisdiction was not lost or impaired by the failure to give notice of the sale, because it was a mere irregularity in the subsequent proceedings. Simmons v. Saul, 138 U. S. 439, 453, 11 Sup. Ct. 369, 34 L. Ed. 1054; Grignon's Lessee v. Astor, 2 How. 319, 340, et seq., 11 L. Ed. 283; Cooper. v. Reynolds, 10 Wall. 308, 319, 19 L. Ed. 931; Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052; Jackson v. Magruder, 51 Mo. 55, 58; Hanks v. Neal, 44 Miss. 212, 226; Schaale v. Wasey, 70 Mich. 414, 420, 38 N. W. 317; Beidler v. Friedell, 44 Ark. 411, 414; Cadwallader v. Evans, 1 Disn. (Ohio) 585, 592; Wyant v. Tuthill, 17 Neb. 495, 23 N. W. 342; Salisbury v. Chadbourne, 45 Wis. 74, 77. As was said in Comstock v. Crawford, 3 Wall. 396, 40 ! 18 L. Ed. 34:

"When by the presentation of a case within the statute the jurisdiction of the court has once attached, the regularity or irregularity of subsequent steps can only be questioned in some direct mode prescribed by law. They are not matters for which the decrees of the court can be collaterally assailed."

As the Circuit Court rightly held that none of the objections was of any avail in a collateral proceeding, its decree is affirmed.