NORTHWESTERN MUT. LIFE INS. CO. v. KEITH et al.

SAME v. ROBY et al.

(Circuit Court of Appeals, Eighth Circuit.  November 16, 1896.)

Nos. 764, 765.

MORTGAGE FORECLOSURE—DEFICIENCY JUDGMENT.

When, in a suit in the United States circuit court for the foreclosure of a mortgage, the proceeds of the mortgage sale are less than the amount due on the mortgage, the complainant is entitled, under equity rule 92, to a deficiency judgment, as a matter of right.

Appeals from the Circuit Court of the United States for the District of Kansas.

A. B. Jetmore and A. P. Jetmore filed briefs for appellants.

A. H. Vance and M. T. Campbell filed brief for Wilson Keith and Mary I. Keith.

F. G. Hentig filed brief for Henry W. Roby and Sara E. Roby.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.   These cases were suits in equity which were brought by the Northwestern Mutual Life Insurance Company, the appellant, against Henry W. Roby and Sara E. Roby in the one case, and against Wilson Keith and Mary I. Keith in the other, for the purpose of foreclosing mortgages on real estate situated in the city of Topeka, Kan.   A decree was rendered in favor of the complainant in each case.   The mortgaged property was duly sold under and by virtue of the provisions of the decree, by a special commissioner, and the amount realized in each case was found to be insufficient to satisfy the mortgage debt.   The circuit court confirmed the reports of sale, but refused to render a judgment against the respective mortgagors for the amount due on the respective mortgages over and above the proceeds of the mortgage sale, which deficiency amounted in the one case to $633.75, and in the other to $974.74.   The complainant below appealed, assigning for error in each case the refusal of the circuit court to render a judgment for the deficiency.   The sole question to be considered, therefore, is whether the appellant was entitled, as a matter of right, to a judgment for the deficiency found to exist in the respective cases, or whether it was discretionary with the trial court to render such a judgment.   Equity rule No. 92 provides:

"That in suits in equity for the foreclosure of mortgages in the circuit courts of the United States, or in any court of the territories having jurisdiction of the same, a decree may be rendered for any balance that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of the same as is provided in the eighth rule of this court regulating equity practice where the decree is solely for the payment of money."

The rules promulgated by the supreme court regulating the practice in chancery cases were adopted in pursuance of authority conferred by an act of congress (Rev. St. U. S. § 917), and for that reason they have the force and effect of law.   No district or circuit court of

the United States has power to adopt a practice inconsistent with those rules, or to disregard their provisions. U. S. Bank v. White, 8 Pet. 262, 269; Story v. Livingston, 13 Pet. 359, 368; Gaines v. Relf, 15 Pet. 9, 16; Bein v. Heath, 12 How. 168; Jenkins v. Greenwald, 13 Fed. Cas. 519, 522, 1 Bond, 126. In view of the provisions of rule 92, the only debatable point is whether the word "may," as used in the rule, is permissive or mandatory. Instances are very common where the word "may" is used as a synonym for "shall" or "must." The word is usually construed as being mandatory, rather than permissive, when a statute prescribing rules of procedure declares that in a certain event the court "may" act in a certain way. To warrant a different interpretation in such cases, it should clearly appear from other provisions of the statute that the exercise of the power conferred was intended to be discretionary. We can perceive no good or sufficient reason why the word "may," as used in rule 92, should be regarded as conferring a discretionary power, to be exercised, or not, at the will of the chancellor. It is a well-known maxim that a court of equity, having acquired jurisdiction of a case, will proceed to administer full and complete relief, and will not compel either party to seek further relief in another forum if it can avoid doing so. When, therefore, in a foreclosure suit the amount of the mortgage debt has been ascertained and adjudicated, and a sale of the mortgaged property has been ordered, made, and confirmed, and the amount realized from such sale is insufficient to pay the mortgage indebtedness, no reason would seem to exist why the chancellor should be vested with the discretion to refuse to render a judgment for the deficiency. Such action on its part is not beneficial to either party, but simply compels the complainant to resort to a court of law for further relief, which might as well be administered in the foreclosure suit. The result is that the order of the circuit court in each of the aforesaid cases, overruling the application for a deficiency judgment against the respective mortgagors, is vacated and annulled, and the cases are each remanded to the circuit court, with directions to render such judgments therein for the deficiency, as was prayed for by the complainant below.