## MAITLAND v. GIBSON.

(Circuit Court, E. D. Pennsylvania. January 22, 1897.)

EQUITY PLEADING—ANCILLARY PROCEEDING—ENFORCING PAYMENT OF COSTS—NOTICE.

In an equity suit, where execution for costs has been issued against the plaintiff without avail, and it is sought to enforce payment from patents owned by him, this should be done by petition in the original suit; and if, instead thereof, an original bill is filed, it may be treated as a dependent or ancillary proceeding, so that no subpœna is necessary, and a mere notice of the filing of the bill and of an intended motion for injunction is sufficient.

Dyer & Driscoll, for plaintiff.
Theodore F. Jenkins, for defendant.

DALLAS, Circuit Judge. The person who is named as defendant in the present bill is in fact the plaintiff in this suit, in which he was decreed to pay costs amounting to $2,525.55. This fact is now alleged, and also that the ordinary process of execution for satisfaction of the said decree has been resorted to without avail, and that the said George Maitland has no property subject to execution at law, but is the owner of certain letters patent, which, "if sold, would realize some money which would go in partial or complete satisfaction of the said decree." An injunction to restrain assignment of these patents is prayed, and that they may be sold and the proceeds be applied to the payment of the costs heretofore adjudged to be paid by Maitland, and those arising under the present proceeding. The existence of the right asserted

seems to be unquestionable (Ager v. Murray, 105 U. S. 126); but as to the mode in which, in this case, it has been prosecuted, I will have a word to say presently.

The defendant (styled "plaintiff" in this bill) having moved for a preliminary injunction, counsel for the plaintiff in the original suit, upon leave granted, appeared only for the purpose of moving "to set aside the service of the bill," and such motion has accordingly been made and argued. It has been conceded that upon the fate of this latter motion the defendant's right to injunction is dependent, and hence the single question for solution is whether or not George Maitland is to be regarded as now before this court, and liable to be affected by any order it may make in the premises. If this bill should be viewed as the commencement of an independent suit, he certainly is not; for no subpœna has been issued, or could be legally served, as Maitland is not an inhabitant of this district. If, however, this proceeding may correctly be treated as but a step taken in the original suit, then I have no doubt that the notice which has been given of the filing of the bill and of the intended motion for injunction is all that Maitland was entitled to. I think it was a mistake to put this application in the form of a bill, but, as no matter of substance will be affected by it, it is such an irregularity as a court of equity may disregard. It is true that in Ager v. Murray, supra, there was a similar bill; but the judgment to the satisfaction of which a patent right was there made liable was a judgment at law, and therefore a bill was requisite in order that the question which was presented, namely, "whether a patent right may be ordered by a court of equity to be sold," etc. (page 127), might be regularly brought before such a tribunal for adjudication. In the present case, on the other hand, the judgment sought to be satisfied is a decree in equity; and this court, by virtue of the same equitable jurisdiction which it exercised in making that decree, is competent to pass the order which is now asked. Why, then, should there be a separate proceeding? I perceive no necessity for it, and the resort to a formal bill seems to me to be clearly at variance with the practice which prevails in all other cases where a merely incidental or auxiliary order in chancery is desired. Consequently, I regard the present bill, not as an original bill invoking the general jurisdiction of the court in equity, but as an ancillary and dependent procedure, equivalent in effect and purpose to a petition in the original suit itself,—incident to and dependent upon it. Krippendorf v. Hyde, 110 U. S. 276–286, 4 Sup. Ct. 27. And, so regarding it, it seems to me to be clear that the question which has been made respecting its service is wholly without pertinency. Treating it as a petition in the suit to which it relates, the plaintiff in that suit is, of course, entitled to answer it, and to be heard upon it; but these rights he must exercise, if he desires to do so, upon notice merely, without subpœna, and notwithstanding the fact that he is not an inhabitant of this district. By bringing his suit in this court, he voluntarily submitted himself to its jurisdiction, and he cannot escape from the consequences of its adverse decree by asserting that he is no longer amenable to its

process. I have found no decided case in which the facts and circumstances were the same as those with which I have been called upon to deal; but, while I am aware of no authority which conflicts with the views I have expressed, there are several in addition to those already cited which I think tend to support them: Lamb v. Ewing, 12 U. S. App. 11, 4 C. C. A. 320, and 54 Fed. 269; Logan v. Patrick, 5 Cranch, 288; Walden v. Craig, 14 Pet. 147–155; Freeman v. Howe, 24 How. 450; Minnesota Co. v. St. Paul Co., 2 Wall. 609; Ward v. Todd, 103 U. S. 327; Gumbel v. Pitkin, 124 U. S. 131–146, 147, 8 Sup. Ct. 379.

1. The motion of Alfred C. Gibson for a preliminary injunction is granted.

2. The motion of George Maitland to "set aside the service of the bill" is dismissed.