HATCHER v. HENDRIE & BOLTHOFF MFG. & SUPPLY CO. et al.

(Circuit Court of Appeals, Eighth Circuit.    October 28, 1904.)

No. 1,826.

1. REMOVAL OF CAUSES—EFFECT ON PRIOR ATTACHMENT.

When an action is removed from a state court into a federal court, the latter takes the case in the condition in which it stood at the time of removal, and a lien obtained by an attachment in the state court is not lost or terminated by the removal; but power to protect and enforce that lien after the removal exists in the federal court in like manner as if it had been obtained by a proceeding in that court.

2. JURISDICTION OF FEDERAL COURTS—ANCILLARY SUITS—ENFORCEMENT OF ATTACHMENT LIEN.

A suit in equity in a federal court to enforce an attachment lien obtained in a former action in the same court, and to subject the attached property or its proceeds to the satisfaction of the judgment recovered therein, is not an original suit, but is ancillary and supplementary to the former action, and may be maintained as an incident to the jurisdiction already vested, without regard to the citizenship of the parties; and it is immaterial, so far as the ancillary character of the suit is concerned, that the proceeds of the attached property are not in the actual custody of the federal court; the effect of the removal having been to bring the property potentially within the jurisdiction and custody of that court.

3. ATTACHMENT—LIEN—VOLUNTARY SURRENDER OF PROPERTY BY GARNISHEE.

Where a garnishee served under an attachment voluntarily delivers the property of the defendant in his possession to the sheriff, no judgment against him is necessary to perfect the attachment lien on such property; nor is the lien defeated because the sheriff fails to make return of such delivery, where he retains custody of the property under the writ.

4. SAME—GARNISHMENT—PLEADING.

A statement in the answer of a garnishee under an attachment that it was "informed" that the property, which it admitted having received from the defendant, belonged to a third person, does not need to be traversed by the plaintiff, where the property has been surrendered by the garnishee to the officer holding the attachment.

5. SAME—SUIT TO ENFORCE MECHANIC'S LIEN—RIGHT TO PURSUE CONCURRENT REMEDIES.

Under the statutes of Colorado, the remedy upon a mechanic's lien and the remedy upon the debt which it secures are distinct and concurrent; and both remedies, including the provisional and auxiliary remedies obtainable in an action upon the debt, may be pursued in a single action.

6. REMOVAL OF CAUSES—PROCEDURE AFTER REMOVAL—VALIDITY AND EFFECT OF JUDGMENT.

Although the distinction between actions at law and suits in equity is carefully maintained in the federal courts, and when a case which unites both legal and equitable grounds for relief, as permitted by the practice of the state in which it is brought, is removed into a federal court, the pleadings should be recast so as to separate the two causes of action, yet where an action to enforce a mechanic's lien and to recover the debt which it secures, in which plaintiff had also obtained an attachment, which had been served, was thereafter removed and proceeded with in the federal court on the original pleadings as a suit in equity, without objection, and a money judgment was rendered against the defendant, such judgment is not void, even if erroneous, and cannot be collaterally attacked.

¶ 2. Supplementary and ancillary proceedings and relief in federal courts, see note to Toledo, St. L. & K. C. R. Co. v. Continental Trust Co., 36 C. C. A. 195.

**7. EQUITY—DECREE—COLLATERAL ATTACK.**

An adjudication in a Circuit Court of the United States that the facts of a particular case are such as to make it cognizable in equity, although erroneous, is not a nullity, and cannot be questioned collaterally.

**8. ATTACHMENT—ABANDONMENT.**

An agreement by an attachment plaintiff with other creditors, subsequently attaching the same property, to prorate the proceeds thereof, which they could enforce under the statute if their liens were valid, did not constitute an abandonment of his lien upon certain of the property, upon which the later attachments were held invalid in an action to which he was not a party.

**9. SAME—SUIT TO ENFORCE LIEN—LACHES.**

Delay in the institution of proceedings to enforce an attachment lien, which could not have given rise to an inference of an abandonment of the lien, and which resulted in no advantage to the attaching creditor or injury to the opposing party, does not constitute such laches as will bar the right to enforce the lien.

Appeal from the Circuit Court of the United States for the District of Colorado.

This was a suit, by Hatcher against the Hendrie & Bolthoff Manufacturing & Supply Company and the International Trust Company, to subject the proceeds of a sale of attached property to the satisfaction of a judgment rendered in the action in which the writ of attachment was issued. From a decree sustaining a demurrer to and dismissing the bill, the complainant appealed.

Briefly stated, the allegations of the bill are as follows: Complainant is a citizen of Colorado, and defendants are corporations existing under the laws of that state. January 23, 1896, complainant commenced an action in the district court of Mineral county, Colo., against the United Leasing Company and the United Mines Company, to recover from the leasing company the purchase price of materials furnished to it for the working of certain mining claims held by it under a lease from the mines company, and to enforce a mechanics' lien upon these claims. February 21, 1896, the action was removed by the defendants into the court below on the ground of diversity of citizenship. The case was there proceeded with as a suit in equity, and complainant obtained a decree against the leasing company for the purchase price of the materials July 18, 1896, but the mechanics' lien branch of the action ultimately failed. United Mines Co. v. Hatcher, 25 C. C. A. 46, 79 Fed. 517. When the action was commenced a writ of attachment against the property of the leasing company was regularly sued out and served upon the Amethyst Mining Company, as garnishee, then in possession of a Knowles compound pump, the property of the leasing company, and being used by the garnishee in the tenth level of its mine. The garnishee answered that it had the pump in its possession, and had received it from the leasing company, but was informed that it was the property of the Hendrie & Bolthoff Manufacturing & Supply Company. February 27, 1896, after the removal of the action into the court below, the garnishee removed the pump from its mine, and delivered it into the custody of the sheriff of Mineral county, the officer who had served the writ. Other like writs of attachment had been issued in separate actions commenced in the state court February 1 and 6, 1896, by other creditors of the leasing company, and these writs had also been served upon the Amethyst Company as garnishee. The sheriff, in accepting possession of the pump from the garnishee, received it under the several writs of attachment for the benefit of the several attaching creditors, including complainant. The pump was subsequently sold under an amicable arrangement with the Hendrie & Bolthoff Company, whereby the proceeds were placed in the custody of the International Trust Company, to stand in all respects in place of the pump. Proceedings upon an intervening petition of the Hendrie & Bolthoff Company, filed July 27, 1896, in one of the actions in the state court, to which complainant was not made a party, resulted in a decision by the Supreme Court of the state, December 24, 1901, to the effect that, as against creditors whose writs of attachment were served upon the

garnishee subsequently to January 25, 1896, the intervener became the owner of the pump under a purchase from the leasing company made on that date. Hendrie & Bolthoff Co. v. Collins, 29 Colo. 102, 67 Pac. 164. This purchase was made two days after complainant's writ was served, but prior to the service of the writs of other creditors. Notwithstanding the removal of complainant's action into the court below, the district court of Mineral county at all times expressly recognized the right of complainant under his writ of attachment served upon the garnishee before the removal, and, with complainant's acquiescence, proceeded upon the theory that complainant and the other attaching creditors were entitled, under the statutes of the state, to prorate the proceeds of the sale of the pump. The proceeds arising from the sale of other property attached in like manner were so distributed, the court recognizing complainant's right to participate in the distribution as being established by the judgment or decree recovered by it in the court below after the removal. No proceedings of any kind were taken by the Hendrie & Bolthoff Company to question or avoid the lien acquired by complainant under his writ of attachment, and no judgment in favor of an attaching creditor now remains in the state court, under which a claim is or can be made upon the proceeds of the sale of the pump. The leasing company is insolvent, and these proceeds constitute the only property out of which the balance due upon complainant's judgment can be satisfied. The bill prayed that defendants be required to bring into court and account for the proceeds of the sale of the pump, with any interest accrued thereon, to the end that complainant's judgment might be satisfied therefrom, should his right thereto under the attachment be sustained. The suit was commenced February 28, 1902, a little more than three months after the decision of the Supreme Court establishing the superiority of the claim of the Hendrie & Bolthoff Company over those of the attaching creditors other than complainant.

John R. Smith and Albert L. Moses, for appellant.

Robert D. Thompson (John M. Waldron, on the brief), for appellees.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

When an action or suit in a state court is removed into a Circuit Court of the United States, the latter takes the case in the condition in which it existed in the state court at the time of the removal; and, if a lien or other right has been obtained by either party by any proceeding had in the case prior to the removal, power to protect and enforce that lien or right after the removal exists in the Circuit Court, in like manner as if it had been obtained by a proceeding in that court. Kern v. Huidekoper, 103 U. S. 485, 491, 26 L. Ed. 497; Duncan v. Gegan, 101 U. S. 810, 812, 25 L. Ed. 875; Chicago, etc., Bridge Co. v. Anglo-American, etc., Co. (C. C.) 46 Fed. 584, 590. The lien obtained by the attachment proceeding in the state court was not lost or terminated by the removal of the action to the Circuit Court, and when, shortly thereafter, the garnishee delivered the pump into the custody of the sheriff who had served the writ, that officer received the pump charged with an enforceable lien for the satisfaction of any judgment which the complainant should obtain in the Circuit Court, in like manner as it would have been charged with a lien for the satisfaction of a judgment obtained in the state court if there had been no removal. Section 4, Act March 31, 1875, 18 Stat. pt. 3, c. 137, p. 470.

A suit in equity in a circuit court to give effect to the proceedings,

judgment, or decree in a former action or suit in that court, or to secure the fruits and benefits thereof, or to obtain any relief growing out thereof and having direct reference thereto, is not an original, but a dependent and ancillary, suit, and may be maintained as an incident to the jurisdiction already vested, without regard to the citizenship or residence of the parties. So a suit is dependent and ancillary, the object of which is to enforce an attachment lien obtained in a former action in the same court, and to subject the attached property, or the proceeds of its sale, to the satisfaction of a judgment recovered in that action. Such a suit is supplementary merely to the former action, and is a continuation thereof, so far as the question of jurisdiction is concerned. Freeman v. Howe, 24 How. 450, 460, 16 L. Ed. 749; Riggs v. Johnson Co., 6 Wall. 166, 187, 18 L. Ed. 768; Jones v. Andrews, 10 Wall. 327, 333, 19 L. Ed. 935; Dietzsch v. Huidekoper, 103 U. S. 494, 498, 26 L. Ed. 354; Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145; Pacific R. R. v. Missouri, etc., Co., 111 U. S. 505, 522, 4 Sup. Ct. 583, 28 L. Ed. 498; Gumbel v. Pitkin, 124 U. S. 131, 8 Sup. Ct. 379, 31 L. Ed. 374; Root v. Woolworth, 150 U. S. 401, 14 Sup. Ct. 136, 37 L. Ed. 1123; Central National Bank v. Stevens, 169 U. S. 432, 464, 18 Sup. Ct. 403, 42 L. Ed. 807; Julian v. Central Trust Co., 193 U. S. 93, 113, 24 Sup. Ct. 399, 48 L. Ed. 629; Lamb v. Ewing, 4 C. C. A. 320, 324, 54 Fed. 269; Maithland v. Gibson (C. C.) 79 Fed. 136.

The fact that the proceeds of the sale of the attached property are not in the actual custody of the Circuit Court does not make the present suit an original one. The effect of the removal of the former action into that court was to bring the property potentially within its jurisdiction and custody, and the purpose of the present suit is to have this jurisdicion exerted over the proceeds of the sale of the property. Whether the complainant's right to invoke the exercise of this jurisdiction has been waived or lost by laches is another question. While suits to enforce a claim to or lien upon property already in the court's custody are dependent and ancillary, such custody is merely one of several distinct grounds of ancillary jurisdiction, and not an essential requisite to its existence and exercise in all cases.

The appellees, referring to Mills' Ann. Code Colo. §§ 124, 125, insist that no lien upon the pump was obtained by the attachment proceeding, because no judgment was entered against the garnishee, requiring him to deliver the pump into the custody of the sheriff, and because no return was made of the delivery which was in fact made. The only purpose of such a judgment would have been to compel the garnishee to deliver the pump to the sheriff, and, as this was voluntarily done, as expressly permitted by the statute, a judgment against the garnishee was not necessary. A failure, if there were such, to make due return to the court of that delivery, did not defeat the lien under the attachment; the sheriff having retained the custody of the pump under the writ. Drake on Attachment (7th Ed.) § 204.

Even more untenable is the claim that the complainant acquired no right by the attachment, because he did not in the attachment proceeding traverse the statement in the answer of the garnishee that it was "informed" that the pump was the property of the Hendrie & Bolthoff Company. That statement was a mere suggestion of a possible claim

to the pump by the company named.   It was not an assertion of ownership in that company, or an assertion of an absence of ownership in the leasing company, the defendant in the attachment, and was not intended as an act of resistance to the attachment, because the garnishee immediately delivered the pump into the custody of the sheriff under the writ. There was therefore nothing in the garnishee's answer upon which an issue could be properly taken, or which would prejudice or defeat the attachment if not traversed.

As commenced in the state court, the original action was not merely to enforce the mechanics' lien, but also to recover the debt which it secured.   Being for the purchase price of materials, the debt was contractual.   The state law expressly authorized both attachment and garnishment, as "provisional and auxiliary remedies" in an action on contract.   Mills' Ann. Code, p. 257, §§ 91, 118.   It was also declared in the statute providing for the enforcement of a mechanics' lien:

"No remedy given in this act shall be construed as preventing any person from enforcing any other remedy which he otherwise would have had, except as otherwise herein provided."   Mills' Ann. St. Colo. § 2807.

No provision in that act purported to restrict the right to recover the debt by an ordinary action, or to deny the right to resort to the provisional and auxiliary remedies of attachment and garnishment in such an action.   The rule is general, in the absence of some provision to the contrary, that the remedy upon a mechanic's lien and the remedy upon the debt are distinct and concurrent, and may be pursued at the same time or in succession (Phillips, Mechanics' Liens [3d Ed.] § 311; 2 Jones on Liens, § 1552; West v. Flemming, 18 Ill. 248, 68 Am. Dec. 539; Brennan v. Swasey, 16 Cal. 141, 76 Am. Dec. 507; Marean v. Stanley, 5 Colo. App. 335, 38 Pac. 395; Gilman v. Illinois & Mississippi Telegraph Co., 91 U. S. 603, 616, 23 L. Ed. 405; 2 Jones on Mortgages [2d Ed.] §§ 1215–1222); and in the courts of those states where the prescribed procedure, like that in Colorado (Mills' Ann. Code, §§ 1, 70), permits a blending together of proceedings at law and in equity, both remedies, including the provisional and auxiliary remedies obtainable in an action upon the debt, may be pursued in the same action.   The contention that attachment and garnishment in a mechanic's lien suit were not authorized by the laws of the state cannot be sustained.

In the courts of the United States the distinction between actions at law and suits in equity is carefully maintained, and a blending together in one action or suit of legal and equitable causes of action, or of common-law and equity proceedings, is not permissible; and this is equally true whether the action or suit is originally commenced in one of these courts, or is removed thereto from a state court.   Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; Schoolfield v. Rhodes, 27 C. C. A. 95, 82 Fed. 153; Highland Boy Gold Mining Co. v. Strickley, 54 C. C. A. 186, 116 Fed. 852; Files v. Brown, 59 C. C. A. 403, 406, 124 Fed. 133; Anglo-American, etc., Co. v. Lombard (C. C. A.) 132 Fed. 721, 731.   When a case which unites both legal and equitable grounds for relief, as permitted by the prescribed practice in the state in which it is brought, is removed into a federal court, the pleadings should be recast so as to separate the action at law from the suit in equity, and the two cases should proceed separately, each according to its nature.   In the

federal courts a proceeding to foreclose a mechanic's lien is a suit in equity, even though the state statute creating the lien designates the proceeding for its foreclosure as an action at law. Sheffield Furnace Co. v. Witherow, 149 U. S. 574, 579, 13 Sup. Ct. 936, 37 L. Ed. 853. A proceeding in attachment is essentially according to the course of the common law, and, although provisional and auxiliary, is an action at law as distinguished from a suit in equity. United States v. Swan, 13 C. C. A. 77, 82, 65 Fed. 647; Drake on Attachment (3d Ed.) § 4a; Waples on Attachment, § 103; Shinn on Attachment, § 7. No writ of attachment, and therefore no attachment lien, can be obtained in a mechanic's lien suit commenced in a federal court, because proceedings in equity and at law cannot be so combined.

Relying upon the principles just stated the appellees insist that the attachment lien was lost because after the removal of the original action the pleadings were not recast and the proceeding in attachment separated from the proceeding to foreclose the mechanics' lien, and transferred to the law side of the court. But there is no room for such a contention in the present case. The lien was created or obtained by the proceeding in attachment in the state court prior to the removal, and no controversy or issue of law or fact in that proceeding was ever presented in the Circuit Court. As no occasion arose in that court for any action in the attachment proceeding, there was no necessity for its separation from the foreclosure suit. The rendition of a judgment or decree for the payment of the debt, which was part of the main case, and not of the proceeding in attachment, was all that was required to establish complainant's right to subject the attached property to the satisfaction of his demand.

Whether, if objection had been seasonably made, a personal decree for the payment of the debt could have been properly rendered in the Circuit Court in the suit to foreclose the mechanics' lien, as incidental to a foreclosure (Noonan v. Lee, 2 Black, 499, 509, 17 L. Ed. 278; Orchard v. Hughes, 1 Wall. 73, 77, 17 L. Ed. 560; 2 Jones on Mortgages, [2d Ed.] § 1711; Equity Rule 92; Northwestern Mutual Life Ins. Co. v. Keith, 23 C. C. A. 196, 77 Fed. 374; White v. Ewing, 16 C. C. A. 296, 69 Fed. 451), and, if so, whether, over the like objection, such personal decree could have been properly rendered when the claim to a mechanics' lien failed (Mitchell v. Dowell, 105 U. S. 430, 26 L. Ed. 1142; Kramer v. Cohn, 119 U. S. 355, 7 Sup. Ct. 277, 30 L. Ed. 439; Alger v. Anderson [C. C.] 92 Fed. 696, 710; 2 Jones on Liens, § 1614), need not be considered, because the case was one in which the court had jurisdiction of the parties and of the subject-matter, and the decree was not void, even if erroneous. In other words, there was not an entire absence of jurisdiction, but at most an erroneous exercise of jurisdiction. Not only was a suit to foreclose a mechanic's lien cognizable in the Circuit Court sitting in equity, but a suit to enforce a debt, essentially equitable in nature, was equally cognizable therein. Whether the debt was of that nature in this instance is not now open to question, because the rendition of the decree was an adjudication of the existence of whatever facts were necessary to support it; and an adjudication that the facts of a particular case are such as to make it cognizable in equity, although erroneous, is not a nullity, and cannot be questioned

collaterally.    Mellen v. Moline Ironworks, 131 U. S. 352, 367, 9 Sup. Ct. 781, 33 L. Ed. 178; Clark v. Brown, 57 C. C. A. 76, 78, 119 Fed. 130; Van Fleet's Collateral Attack, § 100; Foltz v. St. Louis & San Francisco Ry. Co., 8 C. C. A. 635, 60 Fed. 316.

It is insisted that the complainant abandoned his attachment lien by making an arrangement with the subsequent attaching creditors to prorate the proceeds of the attached property, the right to which, as between the Hendrie & Bolthoff Company and the other creditors, or some of them, was being litigated in the state court. As this arrangement was rested by the participants, including the complainant, upon the liens which were believed to have been severally obtained by them under their separate writs of attachment, and upon the provision (Mills' Ann. Code, §§ 92a–92c) for securing a proportional distribution among attaching creditors of the proceeds of the attached property, the inference to be drawn therefrom is that the complainant was asserting, rather than abandoning, his attachment lien. By conceding to other attaching creditors what they could have obtained by adversary proceedings, he did not waive his lien as against the debtor or others purchasing from the debtor subsequently to the attachment. He was not a party to the litigation in the state court wherein the Hendrie & Bolthoff Company asserted its right to the pump as against the creditors whose writs of attachment were served after that company's purchase, and his right under his prior attachment was not affected by that litigation.

Nor does the bill show that the complainant's right to relief is barred by laches. From the allegations of the bill, the facts controlling a decision of this question appear to be these: The sheriff received the pump from the garnishee under the complainant's writ of attachment, among others, and the district court of Mineral county and the other attaching creditors at all times recognized the complainant's lien. Under the direction of that court, the complainant actually received his portion of the proceeds of the other attached property according to the arrangement between himself and the other creditors. The claim of the Hendrie & Bolthoff Company was that it purchased after, and not before, the complainant's attachment; and that company never instituted any proceeding to question or avoid the complainant's lien, although having actual knowledge of its continued recognition by the district court of Mineral county. Within three months after the controversy between the Hendrie & Bolthoff Company and the subsequent attaching creditors was determined adversely to the latter, the complainant commenced the present suit. He could probably have compelled a transfer of the actual custody of the pump or of the proceeds of its sale to the Circuit Court, but, in view of the other attachments in the state court, and of the continued recognition of his lien by that court and by the other creditors, it was not essential to the preservation of his lien that he should do so. No inference of an abandonment of the lien could have been reasonably drawn under the circumstances. The delay in subjecting the pump or the proceeds of its sale to the satisfaction of the complainant's decree is satisfactorily explained, and no injury to the Hendrie & Bolthoff Company, or advantage to the complainant, seems to have resulted therefrom.

The decree is reversed, and the case is remanded to the Circuit Court, with a direction to overrule the demurrer to the bill, and to take such further proceedings as may not be inconsistent with the views expressed in this opinion.