E. G. STAUDE MFG. CO. et al. v. LABOMBARDE et al.

(Circuit Court of Appeals, First Circuit. June 7, 1917.)

No. 1276.

1. COURTS ⬥⟳332—PRACTICE—RULES.
    The Equity Rules, which went into effect in February, 1913, apply to proceedings in causes then pending, as well as those thereafter brought.

2. COURTS ⬥⟳357—FEDERAL COURTS—EFFECT OF DISMISSAL—COSTS.
    The time for taking of depositions under equity rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi) having expired, the cause was placed on the trial calendar pursuant to rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv). Thereafter, on stipulation of the parties that the case should be continued by being dropped from the trial calendar as provided in equity rule 57 (198 Fed. xxxiv, 115 C. C. A. xxxiv), the cause was ordered dropped; the order directing payment of all costs by the parties. Rule 57 declares that continuances beyond the term by consent of the parties shall be allowed on condition only that a stipulation be signed by counsel for all parties and that all costs incurred theretofore be paid, whereupon an order shall be entered dropping the case from the trial calendar, subject to reinstatement within one year upon application by either party, but, if not so reinstated, the suit shall be dismissed without prejudice to a new one. Neither party applied for reinstatement within the year. *Held*, that both were equally in default, and in such case a subsequent order of dismissal could not assess defendant's costs against plaintiff.

Appeal from the District Court of the United States for the District of New Hampshire; Edgar Aldrich, Judge.

Suit by the E. G. Staude Manufacturing Company and another against Elie W. Labombarde and others. From the decree dismissing bill without prejudice, but awarding costs to defendants (229 Fed. 1004), plaintiffs appeal. Reversed and remanded, with directions.

Nathan Heard, of Boston, Mass. (Maurice M. Moore, of Boston, Mass., and Amasa C. Paul, of Minneapolis, Minn., on the brief), for appellants.

George A. Rockwell of Boston, Mass., for appellees.

Before DODGE and BINGHAM, Circuit Judges, and HALE, District Judge.

BINGHAM, Circuit Judge. This is a suit in equity, in which the E. G. Staude Manufacturing Company, a Minnesota corporation and the Potdevin Machine Company, a New York corporation, are plaintiffs, and Elie W. Labombarde, of Nashua, N. H., and the International Paper Box Machine Company, a Maine corporation, are defendants.

The suit was begun in the United States Court for the District of New Hampshire on August 14, 1911, charging infringement of letters patent and praying for an injunction and an accounting. September 22, 1911, the defendant filed an answer, and November 6, 1911, the plaintiffs filed their replication. The case being at issue the plaintiffs took depositions to make out a prima facie case and filed them in court February 14, 1913. During the period prior to and ending July

9, 1913, the defendants took the depositions of ten fact witnesses and one expert. These depositions have never been filed in court. September 13, 1913, the case being on the trial calendar, the parties agreed, as follows:

"It is hereby stipulated by and between the parties in the above-entitled case that the same shall be continued from the September, 1913, term of this court by being dropped from the trial calendar as provided in equity rule 57."

September 19, 1913, the court entered the following order:

"Upon reading and filing the foregoing stipulation, it is hereby ordered that the above-entitled case be dropped from the trial calendar in accordance with the provisions of equity rule 57, all costs to date to be forthwith paid by the parties."

December 13, 1915, the plaintiffs brought suit upon the same letters patent in the United States Court for the Northern District of Illinois, Eastern Division, against the Chicago Carton Company, a customer of the defendants, charging infringement. This "was done upon the supposition that rule 57 would operate to dismiss the [New Hampshire] case." December 20, 1915, the defendants filed a motion that the time for completing plaintiffs' evidence be limited to February 1, 1916. December 29, 1915, the plaintiffs filed a motion that the case, "not having been reinstated to the trial calendar within a year from the entry of the order dropping the case from the trial calendar on September 19, 1913, be now dismissed without prejudice." December 30, 1915, after hearing, the court granted the defendants' motion of December 20, 1915, and denied the plaintiffs' motion of December 29, 1915, and entered an order limiting the time for the taking of plaintiffs' evidence in rebuttal to March 1, 1916. January 10, 1916, the plaintiffs filed the following motion:

"And now come the plaintiffs and show the court that, having exhibited their bill in this court against the above-entitled defendants, who have appeared thereto, and the defendants having prayed for no affirmative relief, nor had accrued to them any substantial right since the suit was commenced, these plaintiffs are now advised to dismiss their said bill. The plaintiffs therefore move that the said bill may stand dismissed out of this court without prejudice, and with costs accruing subsequent to the order of September 13, 1913, to be taxed against the plaintiffs."

February 8, 1916, a hearing was had before the court on the plaintiffs' motion of January 10, 1916, and the decision was reserved. February 19, 1916, an opinion was filed, in which it was ruled that "the defendants should be indemnified not only for taxable costs, but for incidental expenses, including reasonable expense of counsel fees, which would be lost in subsequent litigation," and a commissioner was appointed to determine and report the taxable costs and incidental expenses. Later the commissioner reported the incidental expenses, "including reasonable expense of counsel fees," as $416.29, and the taxable costs to be a docket fee of $20, and travel and attendance at Littleton, Portsmouth, and Concord, three terms in 1913, four terms in 1914, four terms in 1915, and three terms in 1916, $94.50; and on January 30, 1917, a final decree was entered dismissing the bill without prejudice to the plaintiffs, and awarding that they pay the defend-

ants the items above stated, amounting to $530.79. From this decree the present appeal was taken.

[1] In their assignments of error the plaintiffs say that the court erred (1) in ordering them to pay to the defendants, as an indemnity, any sum on account of alleged incidental expenses; and (2) in including as taxable costs anything for travel and attendance of the defendants. The questions raised by these assignments have been argued by counsel as though the authority of the trial court in the premises was governed entirely by the general principles of equity practice regulating such matters, and not by the equity court rules which went into effect February 1, 1913, and which are applicable to all proceedings in causes then pending or thereafter brought, save in certain instances with which the proceedings in this case are not concerned.

[2] The real question, as it seems to us, is whether the court, in view of the facts appearing upon the record, had authority to order a dismissal of the suit other than as directed in the equity rules of 1913, and in particular rule 57 (198 Fed. xxxiv, 115 C. C. A. xxxiv).

Under rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi), a plaintiff's depositions are to be taken and filed "within sixty days from the time the cause is at issue, those of the defendant within thirty days from the expiration of the time for the filing of plaintiff's depositions, and rebutting depositions by either party within twenty days after the time for taking original depositions expires," unless otherwise ordered by the court or judge for good cause shown. By rule 56 (198 Fed. xxxiv, 115 C. C. A. xxxiv) it is provided that after the time has elapsed for taking and filing depositions the case shall be placed on the trial calendar, and that thereafter no further testimony by deposition shall be taken, "except for some strong reason shown by affidavit"; and by rule 57, after a cause is placed on the trial calendar, it is provided that:

"Continuances beyond the term by consent of the parties shall be allowed on condition only that a stipulation be signed by counsel for all parties, and that all costs incurred theretofore be paid. Thereupon an order shall be entered dropping the case from the trial calendar, subject to reinstatement within one year upon application to the court by either party, in which event it shall be heard at the earliest convenient day. If not so reinstated within the year, the suit shall be dismissed without prejudice to a new one."

By the record in this case it appears that, after the time had elapsed for taking depositions, the case was placed upon the trial calendar, and that, on September 19, 1913, an order was entered dropping it from the calendar pursuant to the agreement of the parties above set forth, and that neither party applied to the court within the year after the order was entered to have the case reinstated.

On such a state of facts the rule is explicit that "the suit shall be dismissed without prejudice to a new one." No provision for costs, on dismissal under such circumstances, is made in the rule, and the reason for the omission is apparent when the facts upon which the rule authorizes dismissal are considered; for the entry of dismissal is to be made upon the failure of the parties to make application for reinstatement within the year, and neither having made the application, both are in default, so that neither is entitled to costs against the other.

Being of the opinion that the trial judge, in view of equity rule 57,

was without authority other than to dismiss the suit without prejudice to a new one, it is unnecessary to consider whether, in the absence of rule 57, under the general principles of equity practice, on the facts in this case, he would have had authority to make the order of dismissal conditional upon the payment of an indemnity and taxable costs.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellants recover their costs in this court.