# CASES

## ARGUED AND DETERMINED

IN THE

## CIRCUIT COURTS OF APPEALS AND DISTRICT COURTS OF THE UNITED STATES, AND COURT OF APPEALS OF THE DISTRICT OF COLUMBIA

### CARNEGIE STEEL CO. v. COLORADO FUEL & IRON CO.*

(Circuit Court of Appeals, Eighth Circuit. July 16, 1926.)

No. 7231.

**1. Courts ⬡350, 352.**

Equity rules 56 and 57, enacted in pursuance of Rev. St. § 917 (Comp. St. § 1543), *held* applicable to cases pending at time rules became effective.

**2. Courts ⬡350, 352.**

Stipulation that trial and further taking of testimony be continued, to be taken up at counsel's convenience, *held* insufficient under equity rule 57 to warrant continuance beyond term, unless all costs theretofore incurred were paid.

**3. Courts ⬡350, 352.**

Parties to action, commenced before enactment of equity rules 56 and 57, who did not proceed under such rules, and never sought to have cause placed on calendar thereunder, *held* not entitled to claim that under such rules case should have been placed on the calendar and disposed of under rule 57, instead of being dismissed for failure to prosecute.

**4. Dismissal and nonsuit ⬡60(2).**

Trial court *held* not to have abused its discretion in ordering dismissal for failure to prosecute action commenced in 1906 and practically abandoned since 1916.

Appeal from the District Court of the United States for the District of Colorado; J. Foster Symes, Judge.

Action by the Carnegie Steel Company against the Colorado Fuel & Iron Company. From an order dismissing the bill of complaint for failure to prosecute, plaintiff appeals. Affirmed.

See, also, 165 F. 195, 91 C. C. A. 229.

George W. Morgan, of St. Paul, Minn., and Henry M. Huxley, of Chicago, Ill. (Gustave C. Bartels, of Denver, Colo., and D. Anthony Usina, of New York City, on the brief), for appellant.

*Certiorari denied 47 S. Ct. ——, 71 L. Ed. ——.

14 F.(2d)—1

Fred Farrar, of Denver, Colo. (Wendell Stephens, of Denver, Colo., on the brief), for appellee.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and CANT, District Judge.

KENYON, Circuit Judge. This is an appeal from an order of the United States District Court of Colorado, entered on July 14, 1925, dismissing appellant's bill of complaint. The dismissal was in pursuance of a general order of said court entered January 19, 1925, to the effect that all causes at law and suits in equity, in which no order of progress had been made and entered of record within one year last past, should be dismissed for failure to prosecute, unless upon cause shown in writing to the contrary before the first day of the April term, 1925, the court should otherwise order. The action dismissed was one brought by appellant in the United States Circuit Court for the District of Colorado at Pueblo March 12, 1906, seeking relief both by injunction and damages for the alleged infringement by appellee of a certain patented process for the manufacture of steel from molten pig iron. A rather detailed statement of the facts is necessary for a clear understanding of this case. A demurrer was filed to the original complaint, and complainant (appellant here) sought to amend its bill. This was denied. The case was appealed to this court and was reversed and remanded. The issues were then settled. August 24, 1909, an order was made pursuant to stipulation fixing the time within which testimony should be taken by the parties. The stipulation provided that complainant might take orally on the 16th day of August, 1909, such of its testimony in chief and in support of its bill as it might desire, and should include its oral testimony at one session, that the defendant should have

120 days after complainant concluded its testimony in chief in which to take its testimony in defense, and that complainant should have 120 days after defendant closed its testimony in defense in which to take its testimony in reply. Both the stipulation and the order of the court were filed April 4, 1914, or nearly 5 years after the testimony was taken. Appellant, in accordance with the stipulation, took the depositions of two witnesses at Chicago on August 16 and 17, 1909. These depositions were not opened and filed until February 23, 1916, more than six years after they were taken, and in these depositions appears this statement by Mr. Herrington (then counsel for this appellee), which seems to be in the nature of a stipulation:

"Mr. Herrington: Complainant's counsel has some formal proofs to offer concerning the corporate existence of the complainant, as well as the chain of title to the Jones patent, which he claims finally vests in the complainant company, together with copies of the patent in suit and of the disclaimer affecting the same. His proofs will not be considered closed until he makes formal proof of those facts, and it is agreed that complainant's counsel may submit his proofs to defendant's counsel, and, if no objection is made to copies of instruments showing these titles, then the copies may be used in evidence in lieu of the originals. Until defendant's counsel receives a notification by letter that complainant has made his prima facie case, the case shall remain open so far as the complainant's prima facie case is concerned."

May 9, 1914, a stipulation was entered into as follows:

"It is hereby stipulated by consent of counsel that the trial of the above-entitled case and the further taking of testimony therein shall be continued over the April term of said court sitting at Pueblo, Colo., to be taken up at such time as shall meet the convenience of counsel.

"Linthicum, Belt and Fuller,
"C. C. Linthicum,
"Solicitors for Complainant.
"Fred Herrington,
"Solicitor for Defendant."

January 20, 1925, the District Court entered the following order: .

"In the Matter of Certain Obsolete Causes Which are to be Dismissed.

"At this day it is ordered that all causes at law, and suits in equity, in which no order of progress has been made and entered of record within one year last past, shall be dismissed for failure to prosecute, unless upon cause shown, in writing, to the contrary, before the first day of the April term, 1925, the court shall otherwise order."

Affidavits were filed by counsel on both sides, those on the part of appellant attempting to explain the delay in the proceedings and showing that there had been some correspondence between the parties with reference to settlement. Some of the counsel on both sides had died during the delay, and others had been substituted therefor. From the affidavits it appears that, between the dates when the depositions were taken and the dates upon which they were filed, the firm of Bakewell & Byrnes withdrew their appearance, and Linthicum, Belt & Fuller and C. C. Linthicum entered their appearance for the complainant (they represented complainant at the time the stipulation of May 9, 1914, was entered into), that the taking of the depositions in 1909 at Chicago did not complete appellant's case, there being certain formal proofs necessary before the prima facie case could be completed, and that the present counsel in the case had definite knowledge of the same in 1916, or at least in the early part of 1917. Appellant never completed proof in its case as far as the record shows. After May 9, 1914, when the stipulation was entered into, and up to the time of Judge Symes entering the order in question, there seems little, if anything, to have been done. There evidently was a letter from Mr. Herrington who represented present appellee, to Mr. Linthicum, counsel for complainant, in December, 1916, with reference to some negotiations for a settlement. That was eight years before Judge Symes entered the order. It may also be noted that on May 20, 1916, Mr. Linthicum wrote Mr. Herrington that he did not want the case to be dismissed or lose its place on the docket. Mr. Linthicum died December 16, 1916, and in January, 1917, Mr. Herrington had some conversation with Mr. Huxley, one of the present counsel of appellant, concerning the matter, and Mr. Huxley wrote to Mr. Usina, general patent attorney for the complainant, in New York. This seems to be all that was done. Many counsel have appeared at various times in the proceedings. Naturally, on account of the long period of time which has elapsed, death has claimed some of them.

After the order of January 19, 1925, request was made of the clerk of the District Court by counsel for appellant to place the case upon the trial calendar.

Judge Symes considered the affidavits, and on the 13th or 14th day of July, 1925, en-

tered a decree dismissing the cause for failure to prosecute under the rule of the court which he had promulgated January 19, 1925 (hereinbefore referred to), having prior thereto delivered the following opinion:

"Carnegie Steel Company, a Corporation, Plaintiff, v. Colorado Fuel & Iron Company, a Corporation, Defendant. No. 348–Pueblo. In Equity.

"This action has been pending in this court for a great many years without any progress being made, due to no fault of the court. The plaintiff in opposing its dismissal under the rule puts the burden for delay upon the defendant, although defendant is on what is called the 'slow side.' Counsel on both sides have changed, but the affidavits disclose that the case came to the notice of the present counsel for plaintiff in 1917, since which time he has taken no action.

"Irrespective of where the blame should be placed as between the parties, the parties are reminded that this and other federal courts have been admonished by the Chief Justice of the United States to strictly enforce the rule in question, and litigants can no longer, by agreement, or otherwise, avoid this rule. The court has been at all times open to either side desiring a prompt trial, irrespective of the wishes of its opponent.

"The case will be dismissed.

"J. Foster Symes, District Judge.
"June 19, 1925."

Under these facts appellant contends that the court had no authority to dismiss the case and that the court's procedure was in violation of equity rules 56 and 57. These rules are as follows:

"56. After the time has elapsed for taking and filing depositions under these rules, the case shall be placed on the trial calendar. Thereafter no further testimony by deposition shall be taken except for some strong reason shown by affidavit. In every such application the reason why the testimony of the witness cannot be had orally on the trial, and why his deposition has not been before taken, shall be set forth, together with the testimony which it is expected the witness will give.

"57. *Continuances.* After a cause shall be placed on the trial calendar it may be passed over to another day of the same term, by consent of counsel or order of the court, but shall not be continued beyond the term save in exceptional cases by order of the court upon good cause shown by affidavit and upon such terms as the court shall in its discretion impose. Continuances beyond the term by consent of the parties shall be allowed, on condition only that a stipulation be signed by counsel for all the parties and that all costs incurred theretofore be paid. Thereupon an order shall be entered dropping the case from the trial calendar, subject to reinstatement within one year upon application to the court by either party, in which event it shall be heard at the earliest convenient day. If not so reinstated within the year, the suit shall be dismissed without prejudice to a new one."

These two equity rules are new rules and became effective February 1, 1913. This case was commenced while the former equity rules were in effect, and evidently the evidence was taken under former rule 69 which is as follows:

"Three months, and no more, shall be allowed for the taking of testimony after the cause is at issue, unless the court, or a judge thereof, shall upon special cause shown by either party, enlarge the time; and no testimony taken after such period shall be allowed to be read in evidence at the hearing. Immediately upon the return of the commissions and depositions containing the testimony into the clerk's office, publication thereof may be ordered in the clerk's office by any judge of the court upon due notice to the parties, or it may be enlarged, as he may deem reasonable, under all the circumstances; but, by consent of the parties, publication of the testimony may at any time pass into the clerk's office, such consent being in writing and a copy thereof entered into the order books or indorsed upon the deposition or testimony."

[1] The evidence was not filed or published until after the new equity rules were effective. There was no provision in the old equity rules similar to new rule 56. Counsel for appellant now claims that the new rules were applicable and that the case came under rules 56 and 57. That the new equity rules were applicable to cases pending when they went into effect, to-wit: February 1, 1913, cannot well be denied. E. G. Staude Mfg. Co. v. Labombarde, 243 F. 362, 156 C. C. A. 142. These equity rules have been formulated by the Supreme Court in pursuance of the Revised Statutes of the United States, § 917 (Comp. St. § 1543). The courts of the United States cannot adopt, as this court has said in Northwestern Mut. Life Ins. Co. v. Keith et al., 77 F. 374, 23 C. C. A. 196, a practice inconsistent with these rules. They have as to procedure the force and effect of law and are not to be disregarded.

This record does not disclose whether this case was ever placed upon the trial calendar under rule 56. The depositions had been

completed in 1909, approximately four years before rule 56 took effect. Why the depositions were held and not filed until 1916 does not appear.

[2] It seems to be the theory of appellant that, regardless of any action or nonaction on its part, it was the duty of the court when rule 56 became effective to discover that a case then six years old, in which the depositions were being withheld from the record, was entitled to a place on the trial calendar, the time for taking depositions having expired. It would seem that the parties to the case would have some share of responsibility in bringing the matter to the court's attention. The only thing in the record to suggest in any way that the case might have been on the trial calendar is the stipulation of May 9, 1914, hereinbefore set out. This stipulation was not sufficient under rule 57, if the case was in fact on the trial calendar, to warrant a continuance beyond the term unless all the costs incurred theretofore were paid. The matter of costs not appearing to have been provided for, appellant is in no position to claim that the court should have acted under said rule 57 and dropped the case from the calendar with the right to reinstate within a year. There is nothing to show whether the court dropped the case from the trial calendar subject to reinstatement, or dismissed it with or without prejudice. It is clear, however, that neither the court nor the parties to the case were proceeding under rule 57.

[3] If the case was not placed on the trial calendar under rule 56, then of course rule 57 has no application. We are satisfied the case was never placed on the trial calendar. It is probable, as suggested in argument, that the case was continued along from term to term awaiting action by counsel. It was continued under the old equity rules. Apparently no attention was paid to the new rules, and whether it was the duty of the court to have the record searched and cases placed upon the trial calendar after the adoption of equity rule 56, or whether the case by virtue of said rule would go automatically upon said calendar, we do not think it necessary to determine, because appellant is in no position to raise that question. Certainly the entire burden was not upon the court. Complainant has not to this day completed its case. It made no effort to have it placed upon the trial calendar until after the preliminary order of Judge Symes in January, 1925, hereinbefore referred to. It is evident from the record that neither court nor counsel regarded the case as being on the trial calendar.

The parties to the case were not proceeding under new rules, 56 and 57, and neither party is, in our judgment, entitled to claim anything by virtue of said rules. Both were guilty of inexcusable delay. These rules were adopted to expedite and not to delay the business of the courts.

This court is confronted with a most unusual situation, viz.: A case commenced sixteen years before the order of the court dismissing it for want of prosecution; testimony taken upon the part of complainant in 1909 in the manner provided under the old equity rules to which is attached a statement apparently in the nature of an agreement that the case should remain open until defendant's counsel should receive notification by letter that complainant had made its prima facie case; this testimony withheld from the record for approximately seven years; the stipulation under which it was taken and the order of the court providing therefor not filed for five years. In the meantime a complete change took place in the equity rules. The case was apparently lost and forgotten. The testimony of appellant is not yet completed. Some of the present counsel knew of the case in 1916 or 1917. Nothing whatever was done in the case for at least eight years, and when the court in 1925, in its attempt to clean up its docket, makes an order with relation to the dismissal of cases in which no progress has been made for the preceding year, appellant insists that it was the duty of the court to have entered the case on the trial calendar at some time and that it had no right to dismiss the same, but should have dropped it under rule 57 subject to reinstatement within the year.

[4] We are of the opinion that this case never came under rule 56 or 57. Courts are regretful of any situation that prevents a case being tried on its merits. Here the parties are entirely to blame for the unfortunate situation. Appellant, by virtue of the long delay, the lack of any effort even to complete its case, the prejudice resulting to appellee by reason of the death of an important witness, as shown by the affidavits, and other facts and circumstances disclosed by this record, is in no position to now claim that the case should have been placed on the trial calendar under equity rule 56 and disposed of under equity rule 57. Evidently the court was not satisfied that the negligence was excused or the delay explained.

We think there was no abuse of the court's discretion in entering the order of dismissal, and the judgment and decree is affirmed.