**JEFFERSON STANDARD LIFE INS. CO.**
**v. BUCKMAN et al.**
**No. 7723.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1936.

Frank Thompson and Richard P. Daniel, both of Jacksonville, Fla., for appellant.

J. L. Doggett, of Jacksonville, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

On a mortgage foreclosure in the District Court a decree was rendered fixing the indebtedness and ordering sale of the mortgaged property. Appeal was taken to this court, and a supersedeas bond given. The decree was affirmed, 63 F.(2d) 805, and thereafter the mortgaged property was duly sold and the mortgagee, Jefferson

Standard Life Insurance Company, bid it in for $20,000. The sale was reported to the court and confirmed, and the special master filed his report showing disbursements for taxes and insurance and cost of sale and application of the balance of the bid to the amount of the decree, leaving a large deficiency. The mortgagee then moved for a deficiency decree, and later by a separate motion for damages on the supersedeas bond. Upon the former motion the District Court heard evidence by affidavit as to the nature and true value of the mortgaged property, which affiants put at from $30,000 to $50,000, and declined a deficiency decree without prejudice to a suit at law. Upon the other motion, damages on the supersedeas bond were refused, except the cost of readvertising the property and taxes and insurance on it pending the appeal. The mortgagee appeals from both judgments.

■ The authority of a federal court of equity to grant a deficiency decree on the foreclosure of a mortgage rests on Equity Rule 10, 28 U.S.C.A. following section 723. Without the aid of statute or rule such a decree is erroneous. Orchard v. Hughes, 1 Wall. 73, 74, 17 L.Ed. 560; Webber v. Blanc, 39 Fla. 224, 22 So. 655. The language of the rule is "a decree may be rendered for any balance." Appellant, citing Northwestern Life Ins. Co. v. Keith (C.C.A.) 77 F. 374, contends that the language is really mandatory, and not merely permissive. Appellee cites a line of Florida cases to show 'the deficiency decree is wholly discretionary. Atlantic Shores Corporation v. Zetterlund, 103 Fla. 761, 138 So. 50; Chase v. Sullivan, 99 Fla. 202, 126 So. 359; Fagan v. Robbins, 96 Fla. 91, 117 So. 863. Equity Rule 10 and its predecessor rule 92 were framed by careful users of words, and we think "may" thrice repeated therein is intended to indicate permitted power. Unless equity has jurisdiction for the taking of an account or other special reason, the ascertainment of the amount of a debt and giving judgment for it is the function of a court of law, so that a deficiency decree is ordinarily an encroachment upon the jurisdiction of the law courts. It is justified on the principle that a court of equity having the parties and subject-matter before it for a proper equitable purpose will grant full relief though it extend to matters in themselves legal and on which a court of law could act. Whether in a particular case equity should end the controversy without the complication, expense, and delay of an additional suit at law, or whether the right to a jury trial ought to be afforded by remitting the parties to a law court, may sometimes give play to discretion. But where no good reason exists why equity should not conclude the matter, discretion is abused by a refusal to do it. Power generates duty. Here there had been an accounting for the debt, and its amount had been fixed by a decree. The credit for the mortgaged property had also been fixed by a confirmed sale. There was and could be no contest as to the balance due, either in equity or at law. The chancellor here refused a deficiency decree only because he felt that the mortgagee had acquired for $20,000 a property really worth much more. It appears, however, that the mortgagee was not the seller of the property to his debtor, but a lender of money on it. The property is an estate of twenty-four acres fronting on St. John's river with a large and expensive but unfinished mansion on it. Only a rich man can buy and use it. A money-lending foreign insurance company would seem to have no use for it, but could better use the loaned money which was agreed to be repaid it. If in resisting the deficiency decree the mortgagor had furnished to the court a higher bidder, there might have been room to aid him to realize more for the property. If it was sold too cheap, the sale ought not to have been confirmed, but having been confirmed and no one furnishing ground to reopen the confirmation, it was an abuse of discretion to make the bidder pay a higher price by refusing him a deficiency decree. Indeed, since the refusal is without prejudice, it would accomplish nothing, for a court of law on suit there would be obliged to give judgment for the deficiency established by the foreclosure decree and sale. The deficiency decree should be granted.

■ The supersedeas bond given on the former appeal was conditioned to answer all damages and costs due to the appeal if unsuccessful. The cost of readvertising and accruing taxes and insurance on the property were allowed but no more. Appellant assigns as error that the court did not award the full sum set forth in its motion for damages. The portion of the motion which was refused is to the effect that by reason of the appeal the sale of the mort-

gaged property for $20,000 was delayed a year, and interest at 6 per cent. on the $20,000 was lost. No evidence was introduced, but this item was stricken out on motion on the ground that this damage was not proper or contemplated by the bond. The naked question thus presented to us is whether interest on $20,000 later bid by the mortgagee is recoverable. That a supersedeas bond on appeal from a mortgage foreclosure does not secure the deficiency after sale nor the interest accruing pending the appeal was ruled in Supervisors of Wayne County v. Kennicott, 103 U.S. 554, 26 L.Ed. 486. It is apparent that if the mortgagor is solvent no loss of interest is caused by the delay because it is all recovered in the deficiency decree. There is no allegation in this motion that the mortgagor is insolvent, but if he be insolvent it appears that it was the appellant who offered $20,000 at the final sale and bought in the property. There is no allegation that if the property had been sold more promptly some one else would have bid $20,000 in cash for it, which cash appellant would have received. For aught that appears, the only result of an earlier sale would have been that appellant would have gotten an earlier possession, and may in that way have lost the use of the property for the period of the appeal. That view of the matter is not even presented in the motion. If it were, appellant would be met by Kountze v. Omaha Hotel Co., 107 U.S. 378, 393, 2 S.Ct. 911, 27 L.Ed. 609, which declares that where in a mortgage foreclosure the decree is superseded and the mortgagee because of the insolvency of the mortgagor and the insufficiency of his security desires the rents and profits of the mortgaged property saved for the mortgage debt, he ought to apply for a receiver. On such an application a bond for the rents and profits could be taken in lieu of a receivership. The court, however, declined to enforce as covering rents and profits a supersedeas bond which expressly promised to pay for the detention of the property pending the appeal. We are more impressed with the dissenting than with the prevailing views in that case, but since no claim was here made for any damages for delay except interest on a later bid by the mortgagee, we stop with saying that the District Court was right in denying that claim.

The cause is reversed and remanded, with direction to enter a deficiency decree.