UNITED STATES of America, Plaintiff,

v.

Jimmie D. STEWART and Sharon C. Stewart, husband and wife, Defendants.

Civ. No. 71-0-280.

United States District Court, D. Nebraska.

June 8, 1973.

Thomas D. Thalken, Asst. U. S. Atty., for plaintiff.

Richard J. Bruckner, Omaha, Neb., for defendants.

## MEMORANDUM

RICHARD E. ROBINSON, Senior District Judge.

This matter comes before the Court upon the plaintiff's motion for deficiency judgment [Filing # 21] and upon this Court's Order to Show Cause why a deficiency judgment should not be entered [Filing # 25].

A hearing has been held and counsel for all parties have made an appearance.

The defendants failed to answer or respond otherwise to the complaint, and no question has been raised as to the sufficiency of process.

The property in question was sold pursuant to order of this Court and the sale has been confirmed. [Filing #20].

No issue has been raised with regard to the confirmation of the sale. The complaint contained an express prayer for a deficiency judgment in event that the sale price of the property would not be sufficient to satisfy the entire indebtedness.

■ The response to this Court's Order to Show Cause why a deficiency judgment should not be entered alleges negligence on the part of certain Governmental agencies in the repair of the home of the defendants. [which was sold pursuant to the Order of this Court.] The Court holds that the "defense" asserted cannot be considered as a meritorious defense with respect to a deficiency judgment. There has been no motion to set aside the sale, or to set aside the default judgment previously entered.

Here, as in United States v. Longo, 464 F.2d 913, 915 [8th Cir. 1972]

"Such is not a defense to the foreclosure action but at most a claim defendants could assert by way of counterclaim."

No justification has been shown to the Court as to why the alleged negligence was not asserted as a counterclaim in the foreclosure action, and the Court cannot now refuse to enter a deficiency judgment without good reason having been demonstrated. *See* Jefferson Standard Life Ins. Co. v. Buckman, 82 F.2d 125 [5th Cir. 1936].

The general considerations are well stated in Gomes v. Williams, 420 F.2d 1364, 1366 [10th Cir. 1970]:

"The preferred disposition of any case is upon its merits and not by default judgment. . . . However, this judicial preference is counterbalanced by consideration of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion. Thus, the trial court ought not reopen a default judgment simply because a request is made by the defaulting party; rather, that party must show that there was good reason for the default and that he has a meritorious defense to the action." [footnotes omitted].

The following general statements of law also serve as an independent reason why this Court should enter the deficiency judgment.

"In proceedings to recover a deficiency the validity of the decree of foreclosure cannot be attacked, unless on the ground of fraud". 59 C.J.S. Mortgages § 790, p. 1510

and

"[O]ne who was made a party to an action in foreclosure, and who was found liable in case of a deficiency, would not be permitted, when judgment for the deficiency was sought against him, to set up facts which existed when the original decree was obtained, and which should have been pleaded to show that he was not liable." Patrick v. National Bank of Commerce, 63 Neb. 200, 88 N.W. 183 [1901].

■ Federal law is controlling in this action, United States v. Walker Park Realty, Inc., 383 F.2d 732 [2nd Cir.

1967], but no authority or special circumstances have been asserted which would justify a departure in this action from this general rule of law.

There is no allegation of any fraud in this action and the Court finds that the motion for a deficiency judgment should be granted.

According to the undisputed allegations contained in the motion, as of May 1, 1972, there remained a deficiency in the amount of $8,110.65 together with interest accruing thereon at the rate of 6 percent per annum until the deficiency is satisfied.

A separate order consistent with this Memorandum will be entered.